No. 18,719.

JAMES ALLEN RADER *v.* PEOPLE OF THE STATE OF COLORADO.
(334 P. [2d] 437)

Decided January 19, 1959.

Mr. KENNETH H. GROSS, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. NORMAN H. COMSTOCK, Special Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

THIS is a proceeding in habeas corpus. We will refer to plaintiff in error as Rader and to defendants in error as the People or the sheriff, respectively.

In the trial court the prayer of the petition filed by Rader was:

"That this Honorable Court grant this petition for Writ of Habeas Corpus, and that petitioner, James Allan Rader be brought before the court, and that the Respondents be required to show cause why said James Allen Rader's freedom should not be restored to him, and to show cause why Warrant of Arrest should not be quashed, and for such other and further relief as to this court seems just and proper."

The trial court dismissed the petition and Rader seeks review by writ of error. There is no issue of fact involved since all material allegations of the petition stand admitted.

The facts are as follows: Shortly prior to November 5th, 1956, Rader was named defendant in two criminal cases. One of these informations, charging the offense of burglary, was filed in the district court of Larimer county. The other information was filed in the district court of Weld county, and in it Rader was accused of committing a burglary in that county.

November 5, 1956, following a plea of guilty entered

by Rader in the Larimer county case, he was sentenced to a term in the state penitentiary of not less than three nor more than ten years. This sentence was imposed notwithstanding that at that time Rader was under twenty-one years of age, and had not theretofore been convicted of a felony. After actually serving seventeen months in the penitentiary under the void sentence, Rader was released on April 8, 1958. April 22, 1958, he was taken into custody and placed in the county jail of Weld county, pursuant to the warrant issued in connection with the aforementioned burglary charge filed in that county in October 1956. This proceeding in habeas corpus was thereupon commenced and counsel for Rader argues that the detention of Rader is unlawful for the reason that the fact situation is analogous to that present in the case of *Rivera v. People,* 128 Colo. 549, 265 P.(2d) 226, and that the rule there applied should be extended to cover the facts in the instant case.

Questions to be Determined.

First: *Where a person who is under 21 years of age, with no previous felony conviction, is charged by informations filed in two counties with having committed the offense of burglary in each of said counties; and where a prosecution proceeds to judgment in one county and the accused is illegally sentenced to a term in the penitentiary and actually serves seventeen months of the void sentence before being released; can he successfully demand release in habeas corpus proceedings when he is thereafter placed in confinement on a warrant issued in the criminal case upon which he was not tried but which was pending against him at the time he was illegally sentenced to the penitentiary?*

 Subjected to the test of the only argument presented in the trial court the question requires a negative answer. In the trial court an affirmative answer to this question was sought on the sole ground that an illegal sentence resulting in seventeen months imprisonment in the state penitentiary imposed in the Larimer

county case, as a matter of law operated to prevent a trial of the same defendant for a different offense alleged to have been committed in another county prior to imposition of the illegal sentence. The contention that our opinion in *Rivera v. People,* supra, supports this conclusion stems from a misconception of the court's opinion in that case. The Rivera case relates only to the question as to whether a person can be sentenced as a second offender when he was not adjudicated a first offender at the time the act for which he was on trial was committed. Nothing in that opinion should be construed to hold that a proper sentence could not be imposed in a criminal action because an improper sentence had been adjudged in some other criminal action. Even in the action in which a void sentence has been imposed it would be proper, generally, to re-sentence as the law requires. The trial court correctly disposed of the argument in the instant case by the following appropriate language:

"In this case we must hold in accordance with the law, that this Petitioner is subject to prosecution for any offense committed other than the offense for which he was convicted in 1956, and having been charged with a separate offense in a separate jurisdiction, in Weld County, from the County in which he was convicted, Larimer County, he is still subject to prosecution, and the Rivera case goes only to the sentence that might be imposed in case he should be convicted, so I think you might be anticipating what can happen in case of conviction, and therefore, the Petition being without good cause, the Writ must be denied and dissolved. Petitioner will be returned to the custody of the Sheriff."

Second: *Does the record before us make a showing sufficient to require the issuance of a writ of habeas corpus based upon the failure of the People to provide a speedy public trial, as required by Article II, section 16, of the Constitution of Colorado, and C.R.S. 1953, 39-7-12?*

This question is answered in the affirmative.

Article II, section 16, of the Colorado Constitution provides that every person charged with crime shall be afforded "a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed." This court has held that the question as to whether a speedy trial has been denied is properly raised by petition for habeas corpus. *In Re Miller,* 66 Colo. 261, 180 Pac. 749. Implementing this constitutional provision the legislature has enacted C.R.S. '53, 39-7-12, which provides in pertinent part that:

"If any person shall be committed for any criminal or supposed criminal matter, and not admitted to bail, and shall not be tried on or before the expiration of the second term of the court having jurisdiction of the offense, the prisoner *shall be set at liberty by the court,* unless the delay shall have been on the application of the petitioner." (Emphasis supplied)

It is apparent from the facts alleged in the petition that more than two full terms of court have expired since the district court of Weld county assumed jurisdiction of the offense charged in the information. The district attorney appeared before the trial court and entered into a stipulation concerning all pertinent facts. No issue was taken concerning the correctness of the facts as stated in the petition. Beyond these allegations it was further stipulated that Rader was not arrested or brought before the Weld county court at any time prior to his release from the illegal confinement, and that a "hold order" had been placed upon him at the penitentiary. Thus, never having appeared in the Weld county prosecution he could not have sought delay of trial on his own application.

It is a well established general rule that a sovereign may not deny an accused person a speedy trial by reason of the circumstance that he is incarcerated in a penal institution of that sovereign under a prior conviction and sentence in a court also of that sovereign. A review of many of the authorities supporting this state-

ment of the law will be found in *In Re Schechtel*, 103 Colo. 77, 82 P.(2d) 762. It is clear that the trial court did not have the benefit of a reference to these authorities. We are satisfied that the right of Rader to a speedy trial has been abridged and that the authorities mentioned control the case. For these reasons we conclude that he is entitled to be discharged from custody.

Judgment is reversed with directions to discharge the accused.