No. 23878.

JAMES P. RUDISILL, JR. *v.* DISTRICT COURT, SECOND JUDI-CIAL DISTRICT, AND THE PEOPLE OF THE STATE OF COLORADO.
(453 P.2d 598)

Decided April 28, 1969.

JAMES P. RUDISILL, JR., pro se.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, MICHAEL T. HALEY, Assistant, for respondents.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

THIS is an original proceeding. During the month of June 1964, Petitioner was arrested by the Denver police department and charged with two counts of robbery. He was released on bond. Trial was set for Count 1 on December 11, 1964, and for Count 2 on December 22, 1964, but the Petitioner failed to appear for trial on either date. The Petitioner was arrested in Los Angeles on or about January 31, 1965, and was charged with

first degree robbery and with violation of probation. He pleaded guilty to both of those charges and was sentenced to state prison in California. On April 25, 1966, he requested that the Denver district attorney drop the detainer which he had filed in California. This request was refused. Thereafter, Petitioner made at least two formal demands for a speedy trial in the district court, both of which were denied.

Thereafter, the Petitioner presented to the District Court of Denver a motion to proceed *in absentia,* a motion for appointment of counsel and a motion to dismiss the two charges filed against him. The district court refused to rule on these motions and ordered them held in abeyance until the return of the Petitioner to Colorado. The Petitioner then filed an original proceeding in this Court for a writ of mandamus to compel the district court to rule on his motions. We, at first, denied the Petitioner's request for relief, but thereafter we issued a rule to show cause. The district court filed its answer and the matter is at issue before this Court.

We must now determine what course must be taken with respect to Petitioner's motions now before the district court. The way has been partially charted for us in a recent decision of the United States Supreme Court, *Smith v. Hooey,* 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607. There it was held that the fact that an accused was imprisoned by a foreign jurisdiction did not *ipso facto* deprive him of his rights to a speedy trial in another jurisdiction. For the reasons stated by Mr. Justice Stewart in that opinion, there devolves upon the prosecuting attorney in the accusing state the duty to exercise good faith in an attempt to extradite the accused from a foreign jurisdiction so that he might be given a speedy trial. However, the majority opinion in *Smith v. Hooey, supra,* remanded the case to the accusing state without direction as to the course those further proceedings should take. We agree with the separate opinion of Mr. Justice Harlan that the trial court is en-

titled to more explicitness as to what is to be expected on remand than what is conveyed merely by the requirement that further proceedings not be inconsistent with the opinion.

The Attorney General here agrees that relief should be afforded the Petitioner, and suggests that this Court should issue a writ of mandamus directing the district court to order that Petitioner be returned to Colorado for trial. At the trial, the Attorney General suggests, the court should consider any defenses raised by Petitioner concerning a possible violation of his constitutional right to a speedy trial. We agree and therefore make the rule absolute. The district court is hereby ordered to appoint counsel for Petitioner and to set a trial date, giving the district attorney a reasonable time to obtain Rudisill's extradition to this state for trial.

If the district attorney is able to secure Rudisill's presence in Colorado for trial, Petitioner may at the trial raise and have determined the question as to whether he has been prejudiced by the State's delay to such an extent as to violate his constitutional right to a speedy trial. However, we point out that Rudisill's confinement in California is of his own making and, therefore, if the Denver District Attorney is unable to secure Rudisill's presence for trial on the date set, then, and in that event, the district court shall continue the trial date until such time as Rudisill's presence at the trial can be secured.

The rule is made absolute.