Mr. Chief Justice McWilliams
delivered the opinion of the Court.
One Paul Egbert, hereinafter referred to as the defendant, was charged in a direct information filed on November 10, 1966 in the district court for Las Animas County with the crime known as larceny by bailee. On or about December 18, 1966 defendant was arrested in the State of Indiana and on February 2, 1968 he pled guilty in the United States 'District Court for the Southern District of Indiana to theft of an interstate shipment and was sentenced to imprisonment for thirty months. Defendant was first incarcerated in a federal prison in Terre Haute, Indiana, and was later transferred to the federal penitentiary in Leavenworth, Kansas. At each of these institutions detainers were placed on the defendant by the Las Animas County authorities.
On May 14, 1968 and again on October 10, 1968 defendant filed with the district court for Las Animas County a petition demanding a speedy trial. Apparently neither of these petitions was ever acted on by the trial court. In any event, on December 4, 1968 the defendant filed with the district court for Las Animas County a petition to dismiss, alleging that he had been denied his constitutional right to a speedy trial and also attempting to raise the defense of double jeopardy. This petition was denied by the trial court on the following day, December 5, 1968, with the trial court making certain findings and conclusions in explanation of its ruling. However, from the record before us, it would appear that no hearing, as such, was held in connection with the petition to dismiss. The present writ of error is directed to the order *171 of the trial court denying defendant’s petition to dismiss.
In this court the Attorney General confesses error on the basis of Rudisill v. District Court, 169 Colo. 66, 453 P.2d 598. In thus confessing error the Attorney General states that the judgment denying defendant’s petition to dismiss should be reversed and the cause remanded with direction that further proceedings be consonant with Rudisill v. District Court, supra. It is the further position of the Attorney General that the issues as to whether the defendant has been denied his right to a speedy trial and whether prosecuting him for larceny by bailee would constitute double jeopardy, both of which were sought to be raised in defendant’s petition to dismiss, could then be raised and determined in such further proceedings. We agree.
Judgment reversed and cause remanded with direction that further proceedings be consonant with Rudisill v. District Court, supra.