## No. 24683.

GARY LEE SCOTT *v*. THE PEOPLE OF THE STATE OF COLORADO.
(490 P.2d 1295)

Decided November 8, 1971.

290

Russell A. Stuska, Mansur Tinsley, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Dorothy E. Binder, Special Assistant, David A. Sorenson, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Justice Erickson.

GARY LEE SCOTT, the defendant below, was tried by jury and found guilty of grand theft. The court denied the defendant's motion for a new trial and for a judgment of acquittal and imposed sentence. The defendant now seeks reversal by writ of error alleging that his rights under the Sixth Amendment of the United States Constitution were violated. In particular, he contends that he was denied the right to a speedy trial and the companion right to confront witnesses. The defendant would have us interpret the Sixth Amendment to include greater guarantees than presently exist. We are of the opinion that the expansive interpretation of the Sixth Amendment which the defendant seeks is not founded on precedent or sound legal theory, and we, therefore, affirm his conviction.

## I.

### Speedy Trial

The record in this case lacks clarity. From the factual maze that was created by the proceedings in the trial court, we have pieced together the sequence of events that culminated in the defendant's conviction in Jefferson County, Colorado. Suffice it to say that the defendant, following the filing of an information on October 4, 1968, and his release on bail in Jefferson County, entered a plea of guilty, to an unrelated charge, in the district court for the City and County of Denver. Based upon his plea of guilty, he was sentenced and confined in the Colorado State Penitentiary. On May 19, 1969, prior to his incarceration in the penitentiary, the defendant, through court-appointed counsel, entered a plea of not guilty to the charges which were pending against him in Jefferson County, Colorado. Trial was set for June 12, 1969. On June 11, 1969, the district attorney informed defense counsel that Scott was in the penitentiary and would not be available for trial on June 12, 1969. Defense counsel at that time moved to dismiss the indictment because the defendant was not present. His motion was denied, and on August 18, 1969, the matter

was reset for trial in December without objection. Thereafter, the district attorney, with the approval of defense counsel, caused the trial to be set for September 16, 1969, and that trial brought about the jury verdict which is now in issue.

The defendant urges us to hold that the failure of the prosecution to obtain his presence for trial at the time the case was originally set is a denial of speedy trial and requires dismissal. Admittedly, the district attorney has the obligation to obtain the presence of a defendant who is confined outside of his jurisdiction by the use of a writ of habeas corpus ad prosequendum when that procedure is available to him. *Rudisill v. District Court,* 169 Colo. 66, 453 P.2d 598 (1969); *Rader v. People,* 138 Colo. 397, 334 P.2d 437 (1959); *Dickey v. Florida,* 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970); *Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967); *American Bar Association Standards of Criminal Justice Relating to Speedy Trial,* §3.1. Moreover, the defendant need not make demand for a speedy trial to be afforded the full rights of the Sixth Amendment and his companion right under Article II, Section 16 of the Constitution of Colorado. *Hicks v. People,* 148 Colo. 26, 364 P.2d 877 (1961). However, the district attorney's obligation to have the defendant released from a jail or penitentiary for trial cannot be equated to an automatic right to dismissal of charges when the trial date is reached and the defendant is absent because of confinement elsewhere.

We have recently reviewed a defendant's right to a speedy trial in *Jaramillo v. District Court,* 174 Colo. 561, 484 P.2d 1219 (1971), and the guidelines we established there need not be restated in this opinion. The defendant has attempted to extend our pronouncement in the *Jaramillo* case to obtain rights that could never be precisely defined and could only be determined by an extended review of the facts and circumstances in every criminal case where delay of any kind occurs.

Our Anglo-American legal system recognizes

the demand that a criminal case must be promptly tried, not only to limit the possibility that delay will impair the ability of an accused to defend himself, but also to protect the public in insuring prompt disposition of criminal cases. Delay inflicts injury because evidence and witnesses disappear, memories fade, and events lose their perspective. *See Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); *Note, Effective Guarantee of a Speedy Trial for Convicts In Other Jurisdictions*, 77 Yale L.J. 767 (1968). These broad principles, however, do not cause a defendant to escape the burden of establishing that he was denied a speedy trial and that he was prejudiced thereby. *Ziatz v. People*, 171 Colo. 58, 465 P.2d 406 (1970); *Lucero v. People*, 171 Colo. 167, 465 P.2d 504 (1970). Moreover, prejudice cannot be presumed, and the delay in this instance has not been shown to be arbitrary or oppressive. *Casias v. People*, 160 Colo. 152, 415 P.2d 344, *cert. denied*, 385 U.S. 979, 87 S.Ct. 523, 17 L.Ed.2d 441 (1966).

Here, trial was held within the time specified by Crim. P. 48(b). The defendant's complex criminal behavior caused him to be in the penitentiary when his case was set for trial, but the delay that occurred cannot be interpreted to be a violation of his constitutional rights. The district attorney acted promptly after the defendant was located to cause his appearance in the Jefferson County court, and defense counsel agreed to the trial dates that were set.

II.

*Right of Confrontation*

As a second basis for reversing his conviction, the defendant asserts that he has been denied his constitutional right of confrontation because an individual who verified the information and who was endorsed as a witness did not testify at the time of trial. No Colorado case supports the defendant's contention, and we have been unable to find authority that would support his theory.

 Contrary to the defendant's contention, a district attorney is under no obligation to produce all witnesses endorsed upon the information at the time of trial. *Hampton v. People,* 171 Colo. 153, 465 P.2d 394 (1970); and *Warren v. People,* 121 Colo. 118, 213 P.2d 381 (1949). If the defendant wished to obtain the presence of any or all of the witnesses endorsed on the information, he was free to do so, since the court's process and subpoena power were available to him. *Willis v. People,* 73 Colo. 369, 215 P. 854 (1923). Verification of an information is required by statute [C.R.S. 1963, 39-4-2; *see* Crim. P. 7(b)(3)], but the right to challenge the verification is waived if a timely objection is not interposed. *Quintana v. People,* 168 Colo. 308, 451 P.2d 286 (1969); *Bustamonte v. People,* 136 Colo. 362, 317 P.2d 885 (1957).

We have examined the remaining grounds for reversal which go to the sufficiency of the evidence to support the jury verdict and the instructions given by the court and have found them to be without merit.

Judgment affirmed.

MR. JUSTICE KELLEY, MR. JUSTICE GROVES, and MR. JUSTICE LEE concur.