## No. 24719

### Frank Elvin Dodge v. The People of the State of Colorado
(495 P.2d 213)
Decided April 3, 1972.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Natalie S. Ellwood, Deputy, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, E. Ronald Beeks, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

On writ of error to a judgment in the trial court denying Dodge relief on his petition for habeas corpus, there is presented here the following question: *Was defendant Dodge denied a speedy trial in violation of his rights under Art. II, Sec. 16 of the Colorado Constitution and the Fifth and Sixth Amendments to the United States Constitution?* We answer the question in the affirmative and, therefore, reverse the trial court.

## I.

We answer initially two procedural problems raised by the People. The first is whether the petition for writ of habeas corpus in the trial court was a proper vehicle in which to raise the constitutional question of a speedy trial. Dodge filed his petition in the trial court, pro se, relying upon *Rader v. People,* 138 Colo. 397, 334 P.2d 437, a 1959 case in which we held that one's claim of a denial of his right to a speedy trial was properly raised in the petition for writ of habeas corpus. The *Rader* case was decided prior to the adoption by this court of the Rules of Criminal Procedure and the post-conviction remedy provided by Rule 35(b). Looking at Dodge's petition and the substantive constitutional issues raised therein, rather than to the label placed on the pleading, we find that in all respects the issues before the trial court were properly within the purview of Rule 35(b). We elect to treat Dodge's petition as a motion under Crim. P. 35(b).

The second procedural question is whether Dodge is precluded from raising in this writ of error the issue of his denial of a speedy trial because a similar assertion of error was raised by him in *Dodge v. People,* 168 Colo. 531, 452 P.2d 759, wherein this court affirmed his conviction on the charge on which he now seeks dismissal. Although it is true

that one of Dodge's assignments of error in the appeal from his conviction was "lack of timely prosecution and denial of a speedy trial," our decision in the previous case was limited to the record concerning the correct date when the information was filed in relation to the date of the trial. The matter raised here was not considered by the court and not decided on the previous appeal.

## II.

Turning to the merits of Dodge's present appeal, the following chronology is important:

On April 14, 1964, a complaint embodying the same charge upon which Dodge was tried and convicted in 1967 was filed in the Justice of the Peace Court in La Junta in Otero County.

A warrant for the arrest of Dodge was issued on the same day. The warrant was delivered to the sheriff of Fremont County because of information that Dodge could be found there. The sheriff in the latter county advised the Otero County sheriff's office that Dodge was in custody on a prior warrant from Montrose County; that the Otero County arrest warrant was delivered to the Montrose County sheriff; and that the warrant had accompanied Dodge to Montrose. A detainer also was placed on Dodge with the Montrose County sheriff by letter several days later.

In October 1964, Dodge entered the Colorado State Penitentiary pursuant to a sentence of three to five years imposed by the District Court of Montrose County. The record shows that on October 28, 1964, the warden of the State Penitentiary acknowledged the detainer to the sheriff of Otero County. The detainer—an exhibit herein—shows that it was received in the penitentiary on April 14, 1964, the same date as the warrant for Dodge's arrest issued out of Otero County.

Dodge filed a motion to dismiss the charge in the Otero County district court in August 1965. The nature and the contents of that motion are not available because the papers were returned to Dodge from the district court, together with a letter advising Dodge that there was no case pending against

him in that court. In September 1965, defendant wrote to the Otero sheriff requesting that the detainer against him be dropped. No response was ever made by the sheriff to that letter, and no steps were then taken to charge Dodge or bring him to trial. The defendant remained in the state penitentiary until January 18, 1966, when the conviction under which he was incarcerated from the Montrose District Court was set aside. On the same day, custody of Dodge was changed to the Otero County Sheriff under the April 14, 1964, arrest warrant, and he was released on $1,000 bond. From January 18, 1966, no further action was taken against Dodge until the information was filed in the Otero district court on October 18, 1966.

From the foregoing, we conclude that the crucial dates show that Dodge was denied his constitutional right to a speedy trial, embracing a delay of at least 2-1/2 years. In so holding, we determine that Dodge was under arrest and under restraint on the Otero County arrest warrant at least from the date of the detainer at the state penitentiary in October 1964 until he was tried in January of 1967. As was stated in *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30, L.Ed.2d 468, the invocation of the speedy-trial provision thus need not await indictment, information or other formal charge, citing *Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1, and *Smith v. Hooey,* 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607. The *Marion* case (although reaching a different result than we reach here) made it clear that

"* * * it is either a formal indictment or information or else the *actual restraints imposed by arrest and holding to answer a criminal charge* that engages the particular protections of speedy-trial provision of the Sixth Amendment." (Emphasis added.)

In the ABA Standards for Criminal Justice, Standards Relating to Speedy Trial 14-15, the time at which the delay period should be computed is defined as:

"* * * the date the charge is filed, except that if the defendant has been continuously held in custody or on bail or recognizance until that date to answer for the same crime

or a crime based on the same conduct or arising from the same criminal episode, then the time for trial should commence running from the date he was held to answer." Rule 2.2.

The People contend that, notwithstanding the delay which conceivably might be calculated as embracing the time from the placing of the detainer to the filing of the information, the defendant has failed to show an essential element dictated by *Smith* and *Klopfer,* to wit: "An appropriate demand for a trial on the charges." On this issue we hold that the motion filed with the Otero County district court in August 1965 and the subsequent request to the sheriff in September 1965 constitute the steps that defendant was required to take in making his demand. The court did not retain the papers, so we do not know the contents, but the People cannot take advantage of this deficiency because it is the court records that are deficient. Both the court and the sheriff were alerted to the fact that defendant wanted something done about the charges against him in Otero County. As a layman, he did all that he could do. It is no answer merely to state that, since no information was filed against him, he was thus not under a charge for the crime for which he was tried. The entire chronology of the effect of the warrant speaks to the contrary.

### III.

Responding finally to the assertion by the People that Dodge has shown no prejudice from the failure to bring him to trial, we can do no better than to adopt the rationale of *Smith v. Hooey, supra,* wherein the United States Supreme Court commented that, when a detainer is placed against a man, he sometimes is deprived of certain freedoms because he is considered a more serious escape risk than other prisoners. The court also outlined three other reasons why a person can be prejudiced by not disposing of other charges pending against him, to wit: (1) The possibility of serving a concurrent term is lost forever; (2) under procedures now widely practiced the duration of his present imprisonment might be increased, and conditions under which he would

serve his sentence greatly worsened by pendency of another criminal charge outstanding against him; and (3) that an outstanding untried charge could have fully as depressive an effect upon a prisoner as upon a person who was at large.

The judgment is reversed, and the cause remanded to the trial court to dismiss the information and to discharge the defendant.