Burglary, second degree; sentence: four years' imprisonment.
The sole issue presented for review is whether the appellant was denied a speedy trial in violation of the sixth amendment to the United States Constitution and article I, § 6, of the 1901 Alabama Constitution. We hold that the seven-year delay between appellant's arrest and trial did deprive him of his right to a speedy trial.
The following timetable chronicles the facts of the case pertinent to this issue: *Page 586 
November 25, 1973 — Defendant was apprehended and arrested by a Collinsville policeman at the burglarized National Guard Armory in Collinsville.
November 28, 1973 — Defendant posted bond. Defendant's future attorney signed bond as surety.
December 20, 1973 — Defendant retained Lee Clyde Traylor as his attorney.
January 17, 1974 — Defendant indicted.
February 5, 1974 — Defendant's attorney filed a motion to be released from bond. Motion indicated that defendant was incarcerated in the Hamilton County jail in Chattanooga, Tennessee, and a hold had been placed on defendant by DeKalb County authorities at attorney's request.
June 24, 1974 — Defendant's attorney filed a motion to be released from bond. Motion reflected that defendant was being held at the Davidson County jail in Nashville, Tennessee. Motion indicated that a hold had been placed on defendant by DeKalb County authorities at attorney's request.
September 5, 1974 — Defendant's attorney filed a motion to be released from bond. Motion stated that defendant was imprisoned at the Fulton County jail in Atlanta, Georgia. Motion indicated that a hold had been placed on defendant by DeKalb County authorities at attorney's request.
September 13, 1974 — Letter from Fulton County, Georgia, sheriff's office to DeKalb County sheriff stating that defendant had been held in custody at the Fulton County jail since July 11, 1974, and that Hamilton County, Tennessee, had placed a hold on defendant. However, letter noted that Tennessee had not initiated any extradition proceedings as of this date.
September 24, 1974 — The "Motion to be Released from Bond" of defendant's attorney was denied since "to grant the Motion would work an undue hardship upon the State of Alabama, or it might be reasonably anticipated that an undue hardship would be worked upon the State of Alabama in bringing the defendant back to this jurisdiction." October 11, 1974 — Defendant filed a motion for a speedy trial. Motion stated that defendant was incarcerated at the Fulton County jail in Atlanta, Georgia, on this date.
December 12, 1974 — Defendant's attorney requested and was granted a continuance due to family illness.
January 27, 1975 — Teletype message from Fulton County, Georgia, authorities informing the sheriff of DeKalb County that there would be no extradition hearing to Alabama or Kentucky because defendant had appealed his extradition to Tennessee. Message also said that defendant "indicated that he is not intending to waive extradition to any state."
September 19, 1977 — Defendant's case set for trial. Bench note reflected that defendant was in a Kentucky penitentiary.
August 10, 1978 — Arraignment was scheduled, but bench note reflected that defendant failed to appear "due to his incarceration elsewhere."
May 16, 1979 — Defendant filed second motion for a speedy trial. Motion indicated that he was currently confined but did not specify where.
June 28, 1979 — Defendant's case set for trial, but was not reached and was continued.
September 12, 1979 — Case set for trial. Defendant failed to appear.
October 4, 1979 — Forfeiture entered against defendant and his bond.
March 3, 1980 — Case set for trial. Defendant failed to appear.
March 10, 1980 — Forfeiture entered against defendant and his bond.
November 24, 1980 — Defendant arrested pursuant to Alabama alias warrants. Defendant waived extradition from Fulton County, Georgia.
November 27, 1980 — Defendant committed to DeKalb County jail.
January 29, 1981 — Defendant filed motion to dismiss for lack of a speedy trial.
February 10, 1981 — Motion denied. *Page 587 
February 12, 1981 — Defendant arraigned, tried and convicted of burglary in the second degree.
March 5, 1981 — Defendant sentenced to four years in the penitentiary.
March 10, 1981 — Defendant filed a motion for a new trial alleging, inter alia, violation of his right to a speedy trial.
Four factors must be considered when determining whether a criminal defendant has been denied his right to a speedy trial; namely, (1) length of the delay, (2) reason for the delay, (3) defendant's assertion of his rights, and (4) prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182,33 L.Ed.2d 101 (1972). These factors are the basis for the ad hoc
balancing process that we must employ in which the conduct of the prosecution and that of the defendant are weighed. Johnsonv. State, 356 So.2d 769 (Ala.Cr.App. 1978).
 Length of the Delay
The pretrial delay must be long enough to be "presumptively prejudicial" and thus "trigger" the court's inquiry into the other Barker factors. Watson v. State, 389 So.2d 961
(Ala.Cr.App. 1981). The right to a speedy trial attaches "when a criminal prosecution has begun and extends only to those persons who have been `accused' in the course of that prosecution." United States v. Marion, 404 U.S. 307, 313,92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971). Appellant's arrest on November 25, 1973, constituted the initiation of a criminal prosecution for the application of the Barker test in this case. Dillingham v. United States, 423 U.S. 64, 96 S.Ct. 303,46 L.Ed.2d 205 (1975); Prince v. State, 354 So.2d 1186
(Ala.Cr.App.), cert. denied, 354 So.2d 1193 (Ala. 1977). Therefore, the time span between appellant's arrest and trial on February 12, 1981, was a period of about seven years and three months. Certainly, this inordinate delay is "presumptively prejudicial" and "patently offensive" requiring our inquiry of the remaining Barker factors to determine whether the delay was "unjustified." Corn v. State,387 So.2d 275 (Ala.Cr.App.), writ denied, 387 So.2d 280 (Ala. 1980).
 Reason for the Delay and Defendant's Assertion of His Right
As early as October 10, 1974, appellant filed a motion for a speedy trial. The motion indicated that the appellant was currently incarcerated in the Fulton County jail in Atlanta, Georgia. Courts have consistently held since the landmark case of Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607
(1969), that upon a defendant's demand state authorities must make a diligent good-faith effort to secure the presence of the defendant for trial regardless of his incarceration in another state. Furthermore, it has been held that "[m]ere inquiries about release and availability are not compliance with this duty. Attempts at extradition or the issuance of a writ of habeas corpus ad prosequendum by the Alabama courts would have been in the nature of such affirmative action." Prince v.Alabama, 507 F.2d 693 (5th Cir.), cert. denied, 423 U.S. 876,96 S.Ct. 147, 46 L.Ed.2d 108 (1975); Corn, supra.
The record reveals no such attempts of this nature by DeKalb County officials. At the hearing on the motion to dismiss, these officials testified that, although they telephoned prison officials in other states, they were unable to locate the appellant during the seven-year period. They did not offer any proof that detainers had been placed on appellant during this time. Instead, appellant's attorney in his motions to be released from his capacity as surety on appellant's bond averred that he had DeKalb County authorities place detainers on the appellant in Georgia and Tennessee. However, DeKalb County officials offered no corroboration that the holds were ever placed by them or received by Georgia and Tennessee.
DeKalb County authorities could not merely wait to take action until the accused was "available" to Alabama once he demanded his return for trial. Ex parte Slaughter,377 So.2d 632 (Ala.), on remand, 377 So.2d 634 (Ala.Cr.App. 1979). We realize that appellant's various incarcerations in Georgia, Tennessee and Kentucky during *Page 588 
these seven years made it inconvenient for DeKalb County officials to ascertain his whereabouts, but it did not eradicate their duty to exert an affirmative effort to bring him back to Alabama for trial.
It was not until January 27, 1975, that DeKalb County received a Georgia teletype which stated that appellant would not waive extradition to any state. At any rate, the State did not offer to prove that Alabama had ever attempted to extradite the appellant from Georgia. A mere supposition that the appellant would refuse to waive extradition mentioned in the Georgia teletype should not be weighed against him. The possibility that another jurisdiction may refuse to cooperate is not the equivalent of asking and receiving a rebuff. Smithv. Hooey, supra.
Appellant filed two more requests for a speedy trial during these seven years. It therefore appears that the reason for the delay in this case was due to the inaction and negligence of Alabama prosecuting officials. While we must weigh this bureaucratic inertia less heavily than deliberate prosecutorial delay, Barker and Corn, supra, we nevertheless find that this was the major cause for the seven-year delay.
Since the first three Barker factors coalesce in appellant's favor, we need not weigh the prejudice suffered by the appellant in our balancing test. Prince v. Alabama, supra.
However, we note that appellant was over seventy years old when the case was finally tried, at least three witnesses had died in the interim, and some of the physical evidence could not be found. We conclude that the appellant was unconstitutionally denied his right to a speedy trial, and pursuant to Strunk v.United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56
(1973), his motion to dismiss based upon this premise should have been granted.
REVERSED AND RENDERED.
All the Judges concur.