Arthur J. WATSON, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 83SC127.

Supreme Court of Colorado,
En Banc.

May 28, 1985.

David S. Vela, Colo. State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Richard H. For-

man, Sol. Gen., Virginia Byrnes, Asst. Atty. Gen., Denver, for respondent.

LOHR, Justice.

We granted certiorari to review the decision of the Colorado Court of Appeals in *People v. Watson*, 666 P.2d 1114 (Colo.App. 1983), to determine whether the petitioner, Arthur J. Watson, was deprived of his statutory or constitutional rights to a speedy trial. Watson was convicted in Jefferson County District Court on two counts of aggravated robbery and two counts of crime of violence.[1] The court of appeals affirmed. Since we decide that the petitioner's statutory speedy trial right was violated, we reverse the judgment of the court of appeals.

## I.

The speedy trial issues were presented to the district court by the petitioner's motion to dismiss the charges against him. In a hearing on that motion, the following facts were developed, largely by stipulation of counsel. The charges against the petitioner arose out of two separate incidents that occurred in June of 1978, both of which involved the taking of jewelry by a person armed with a pistol. Based on these events, the district attorney filed two cases against the petitioner, each composed of one count of aggravated robbery and one count of crime of violence. On August 14, 1978, Watson pleaded not guilty to each of the charges.

In one of the cases, a continuance of the trial was granted on Watson's motion on January 25, 1979. In the other, the petitioner sought and obtained a continuance of the trial on March 28, 1979. As a result of these continuances, the statutory times for speedy trial were extended six months from the dates of the continuances to July

25, 1979, and September 28, 1979, respectively.[2]

On April 4, 1979, prior to trial and within the statutory speedy trial period in each case,[3] Watson was arrested in another state by federal authorities. The Jefferson County District Attorney's office learned of this arrest shortly thereafter, but made no effort to obtain Watson's return to face the Jefferson County charges. Following his arrest, the petitioner was tried, convicted and sentenced on federal charges to three terms of twenty years each in a federal correctional institution. The parties stipulated that November 27, 1979, was either the date of the petitioner's sentence or the date he was received at the correctional institution.

There was no evidence in the record of the federal sentencing hearing concerning whether the sentences were to be served concurrently or consecutively. The Jefferson County District Attorney's office was informed by the United States Attorney's Office that the petitioner would serve the terms consecutively. In fact, Watson's sentences were concurrent. As a result of this misunderstanding, the district attorney believed that the petitioner would be serving a sixty year federal sentence, and therefore moved the Jefferson County District Court to dismiss both sets of charges against him on April 1, 1980. The motion was granted.

In October of 1980, Watson was returned to Colorado to face charges in El Paso County unrelated to the prosecution at issue here. The Jefferson County District Attorney, upon learning from the El Paso County District Attorney that the petitioner's federal sentence terms were concurrent and not consecutive, refiled the four charges on November 7, 1980, thus institut-

---

**1.** Watson was charged with aggravated robbery under section 18–4–302, 8 C.R.S. (1978), and with crime of violence under section 16–11–309, 8 C.R.S. (1973 & 1984 Supp.), both in connection with the taking of items including jewelry.

**2.** Section 18–1–405, 8 C.R.S. (1978), requires that a defendant be tried within six months of entry of a plea of not guilty, but section 18–1–

405(3) provides that, if a defendant requests and is granted a continuance for trial, the period within which a trial must be held is extended for an additional six months from the date upon which the continuance is granted.

**3.** § 18–1–405, 8 C.R.S. (1978).

ing the present action. Watson's motion to dismiss on statutory and constitutional speedy trial grounds was denied. At a trial on the merits, Watson was convicted of all charges. This conviction was affirmed by the court of appeals.

## II.

In his certiorari petition, Watson contends that the court of appeals erred when it found that his right to a speedy trial had not been violated. Although we agree that Watson was not accorded a speedy trial, we base this conclusion on statutory grounds, *see* § 18–1–405, 8 C.R.S. (1978), and therefore find it unnecessary to address the petitioner's constitutional arguments, *see* U.S. Const. amends. VI, XIV; Colo. Const. art. II, § 16.[4]

Section 18–1–405, 8 C.R.S. (1978), provides that, except in certain circumstances, a defendant must be brought to trial within six months from the date of entry of a plea of not guilty. *See Carr v. District Court,* 190 Colo. 125, 543 P.2d 1253 (1975); Crim.P. 48(b). If he is not brought to trial within this time period, charges against the defendant must be dismissed, and he "shall not again be indicted, informed against, or committed for the same offense...."[5]

Among the periods excluded in computing the time within which a defendant must be brought to trial is the following:

The period of delay resulting from the voluntary absence or unavailability of the defendant; however, a defendant shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained, or he resists being returned to the state for trial;

§ 18–1–405(6)(d), 8 C.R.S. (1978).

Applying this exclusion at a hearing on Watson's motion to dismiss the charges against him, the trial court concluded that, as a result of his arrest by federal authorities, the petitioner had "voluntarily absented himself from the state of Colorado" and that, during this "voluntary absence," the running of the statutory speedy trial time period was tolled. In making this ruling, the trial court relied on *In Re Schechtel,* 103 Colo. 77, 82 P.2d 762 (1938). In *Schechtel,* the defendant was serving a sentence in a federal correctional institution when he was indicted in Denver District Court. Although the district attorney requested that the warden detain the defendant upon completion of his sentence so that he could be returned to Colorado for trial,

---

**4.** The court of appeals addressed the federal and state constitutional speedy trial issues and, relying in large measure on *United States v. MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982), found no constitutional violations. Although we do not find it necessary to resolve the constitutional speedy trial challenges, we do note that *United States v. MacDonald* has no application to the facts before us. In that case, the United States Supreme Court held that speedy trial rights under the federal constitution are not triggered until a defendant is indicted, arrested, or otherwise officially accused, and that the speedy trial clause does not apply to any delay during the period after charges are dismissed by the government and before they are reinstated. 456 U.S. at 6–7, 102 S.Ct. at 1500–1502. In the present case, the petitioner contends that his constitutional speedy trial rights were violated not after the dismissal of charges, but as a result of the delay between the entry of his pleas of not guilty to each of the four original charges on August 14, 1978, and the dismissal of the charges on April 1, 1980. Therefore, he argues, the refiling of those same charges in the present case was constitutionally

prohibited. *See* U.S. Const. amends VI, XIV; Colo. Const. art. II, § 16. *United States v. Mac-Donald* is thus inapposite. *Cf. People ex rel. Coca v. District Court,* 187 Colo. 280, 530 P.2d 958 (1975)(speedy trial protection of Crim.P. 48 does not apply to period preceding defendant's arrest).

**5.** The statutory speedy trial period expired in Watson's case before the district attorney sought to have the charges dismissed. Therefore, we find inapposite the cases involving speedy trial issues arising from new prosecutions instituted after an amendment of charges, or a dismissal of identical charges, within the speedy trial period for the prior prosecution. *See Amon v. People,* 198 Colo. 172, 597 P.2d 569 (1979) (speedy trial period runs from time of plea to original charge where amended charge did not describe any new, different or additional offense); *Schiffner v. People,* 173 Colo. 123, 476 P.2d 756 (1970) (speedy trial period for purposes of Crim.P. 48 runs from second filing of charges where first filing was dismissed in good faith within the speedy trial period because of pending federal charges arising from same incident).

no further action was taken to obtain the defendant's return. Two years later, when the defendant was denied parole because of the charges pending in Colorado, he filed a motion in Denver District Court to dismiss the indictment on the ground that he had been denied the right to a speedy trial guaranteed by Colorado's constitution and the statutes then in effect.[6] The defendant's motion was denied, and in a habeas corpus proceeding, this court upheld that ruling. We reasoned that the prosecution could not be charged with unreasonable delay because during the time the defendant was in federal custody the state did not have an unqualified and absolute right to require that he be returned to Colorado to stand trial.

Applying the reasoning of *Schechtel* to the statutory scheme and facts at hand, the district court found that since there was no evidence that Colorado authorities had an absolute right to obtain Watson's return from federal custody to face state charges, the statutory speedy trial period stopped running on April 4, 1979, when the petitioner was arrested by federal agents. Since the periods between the petitioner's requests for continuances and the date when the statute was tolled were less than six months, the district court concluded that there was still time within the statutory limit in which to try the defendant on all four pending counts. More recent cases, however, have cast doubt on the continuing validity of the rationale of *In Re Schechtel*, 103 Colo. 77, 82 P.2d 762 (1938), and to the extent that *Schechtel* purports to mandate the result reached by the trial court, we now overrule it.

■ The right to a speedy trial under the Sixth Amendment to the United States Constitution is enforceable against the states under the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). In *Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969), the United States Supreme Court analyzed the constitutional obligation of a state to provide a speedy trial when the defendant is serving a prison sentence imposed by another jurisdiction. In *Hooey*, the defendant was a prisoner at the federal penitentiary in Kansas when he was charged with theft in Texas. When he requested a speedy trial from Texas authorities, he was notified that he would be tried within two weeks of any date he specified that he "could be present." 393 U.S. at 375, 89 S.Ct. at 575. The defendant repeated his request, but Texas authorities took no further action. The Texas Supreme Court subsequently denied the defendant's petition for a writ of mandamus, by which he sought dismissal of the Texas charges based on the alleged violation of his right to a speedy trial. In setting aside this order, the United States Supreme Court noted that failure to bring a person to trial expeditiously cannot be excused by the fact that the accused is imprisoned in another jurisdiction. The considerations that support the right to a speedy trial are no less important in the case of a defendant who is already incarcerated, and therefore, Texas had a "constitutional duty" to make a diligent, good faith effort to return the defendant to Texas and bring him to trial when he so demanded. 393 U.S. at 383, 89 S.Ct. at 579.

■ The *Hooey* rationale has been applied by this court with similar results. *Rudisill v. District Court*, 169 Colo. 66, 453 P.2d 598, *cert. denied*, 395 U.S. 925, 89 S.Ct. 1779, 23 L.Ed.2d 241 (1969). We believe that section 18–1–405(6)(d) must be construed in light of *Hooey* and *Rudisill* and that a defendant should not be considered to be voluntarily absent or unavailable simply because he is incarcerated by federal authorities. *Cf. People v. Beruman*, 638 P.2d 789 (Colo.1982); *People v. Roybal*, 618 P.2d 1121 (Colo.1980) (whenever reasonable and practical, statutes must

---

**6.** Section 485 of chapter 48, C.S.A. 1935, in effect at the time *Schechtel* was decided, provided, with some exceptions, that "any person ... committed for any criminal or supposed criminal matter, and not admitted to bail," must be tried before "the expiration of the second term of the court having jurisdiction of the offense...."

be construed in a manner consistent with constitutional requirements). This rule, that a defendant's incarceration outside the state does not make him "unavailable" for the purposes of speedy trial considerations unless the prosecution can show that despite diligent efforts the defendant's presence could not be secured, has been adopted by many jurisdictions. *See, e.g., Wilson v. State*, 407 So.2d 584 (Ala.Cr.App. 1981); *State v. Coffman*, 59 Or.App. 18, 650 P.2d 144 (1982); *Commonwealth v. Roman*, 494 Pa. 440, 431 A.2d 936 (1981); *State v. Fender*, 268 S.E.2d 120 (W.Va. 1980).[7]

■ In both *Hooey* and *Rudisill*, the defendant made specific requests for a speedy trial. Contrary to the People's contention, however, the fact that Watson did not make such a request before charges were refiled does not mean that he cannot assert his right to a speedy trial as a defense. Section 18–1–405(5), 8 C.R.S. (1978), states that to be entitled to a dismissal of charges under the statute, the defendant need only move for dismissal prior to the commencement of his trial, which Watson did. It imposes no obligation on a defendant to request a trial as a condition to asserting statutory speedy trial rights. Moreover, the prosecution's reliance on *People v. Small*, 631 P.2d 148 (Colo.1981), for a contrary proposition is misplaced. *Small* involved an appeal based only on federal and state constitutional rights to a speedy trial. In that case we noted specifically that the defendant had not relied on section 18–1–405, 8 C.R.S. (1978). 638 P.2d at 153.

■ In affirming the district court, the court of appeals analyzed the petitioner's speedy trial claims in a constitutional context, relying on the pronouncement in *In Re Schechtel* that:

> If by the circumstances of the case the constitutional guarantee cannot be invoked by an accused, the statutes offer no additional right; otherwise, it may be considered as a tolerance limit for a delay in trial.

103 Colo. at 82, 82 P.2d at 764. Insofar as this passage implies that the speedy trial statute cannot be violated without proof of violation of the underlying constitutional guarantee, we reject it as erroneous. To hold otherwise would render the statute superfluous, contradicting the well-established principle that statutes are presumed to be effective in their entirety. § 2–4–201(1)(b), 1B C.R.S. (1980); *People v. Phillips*, 652 P.2d 575, 578 (Colo.1982). In *Carr v. District Court*, 190 Colo. 125, 543 P.2d 1253 (1975), we held that section 18–1–405 is intended to "clarify and simplify the parameters of the constitutional right to a speedy trial," and that the mandatory language of the statutory provision leaves no room for court discretion. 190 Colo. at 127, 543 P.2d at 1254. *Accord Harrington v. District Court*, 192 Colo. 351, 559 P.2d 225 (1977); *see also Hampton v. District Court*, 199 Colo. 104, 605 P.2d 54 (1980) (district court would be acting without jurisdiction if it tried a petitioner in violation of Colorado's speedy trial statute).

■ Since the arrest of the petitioner by federal authorities did not stop the statutory speedy trial time from running, the period during which Watson could be brought to trial commenced in one case on January 25, 1979, and in the other on March 28, 1979, the dates of Watson's last requests for continuances, and expired six months thereafter, on July 25, 1979, and September 28, 1979, respectively. The district attorney did not move to dismiss the

---

7. This rule is logical, especially when a defendant is in federal custody, because it is not difficult for a state to issue a writ of habeas corpus *ad prosequendum* to obtain temporary custody of a federal prisoner in order to bring that person to trial on state charges. The Court in *Hooey* quotes the Solicitor General as stating that the United States Bureau of Prisons encourages "expeditious disposition of prosecutions in state courts against federal prisoners." *Hooey*, 393 U.S. at 381 n. 13, 89 S.Ct. at 578 n. 13. In addition, the United States is a party to the Interstate Agreement on Detainers Act, 18 U.S.C. App. §§ 1–8, under which the signatory parties agree to expedite proceedings to secure speedy trials for defendants facing charges in one jurisdiction and already incarcerated in another.

charges against Watson until April 1, 1980 —more than six months after the deadlines for bringing him to trial in both cases had expired. Had the People attempted to obtain custody of Watson and failed, a different situation would be presented. In this case, however, the prosecution's failure to act resulted in a violation of the petitioner's statutory right to a speedy trial. The clear language of section 18–1–405, 8 C.R.S. (1978), precludes the prosecution from reinstituting identical charges against Watson.

The judgment of the court of appeals is therefore reversed and the case is remanded to that court with directions to reverse the judgment of conviction entered against the petitioner by the district court.

NEIGHBORS and KIRSHBAUM, JJ., do not participate.