The PEOPLE of the State of
Colorado, Complainant,

v.

Glenn Arnold BERGMANN,
Attorney–Respondent.

No. 90SA489.

Supreme Court of Colorado,
En·Banc.

March 18, 1991.

Linda Donnelly, Disciplinary Counsel,
Denver, for complainant.

Atty.–respondent not appearing.

PER CURIAM.

In this disciplinary proceeding, the hearing board of the Supreme Court Grievance Committee made findings of fact, entered conclusions of law, and recommended that the respondent, Glenn Arnold Bergmann, be disbarred, pay the costs incurred in these proceedings, and not be permitted to apply for reinstatement or readmission until he has made restitution. The hearing panel of the Grievance Committee approved the findings of fact, conclusions of law, and recommendations of the hearing board. We approve the findings, conclusions, and recommendations, and order that the respondent be disbarred and that restitution be made by the respondent in accordance with the directions contained in this opinion. We also order payment of the cost of these proceedings.

I

The respondent was admitted to the bar of this court on April 7, 1966, and is subject to the jurisdiction of this court. C.R.C.P. 241.1(b). The respondent did not cooperate with the Grievance Committee, failed to provide discovery, and did not appear at the hearing. As a result, the hearing board struck the respondent's answer, entered a default, and deemed the allegations in the complaint admitted. C.R.C.P. 241.13(b); *People v. Richards*, 748 P.2d 341 (Colo. 1987); *People v. Jacobson*, 747 P.2d 654 (Colo.1987).

II

Horst Reschke, the complaining witness, and the International Federation of Staff and Office Employees (IFSOE) employed the respondent in January 1985 to pursue an action against the International Typographical Union (ITU). The respondent prepared a demand for arbitration, which was signed by the president of IFSOE, but was not forwarded by the respondent to the American Arbitration Association. The president of IFSOE contacted the respondent five or six times by phone and at least once by letter to determine whether the demand for arbitration had been filed. De-

spite these reminders, the respondent never filed the demand.

In February 1986, Reschke retained another attorney to pursue his claim. Reschke's new attorney filed suit against ITU in federal district court. The suit was barred, however, by the statute of limitations, which had run prior to the respondent's withdrawal from the case. Reschke then filed a claim for malpractice against the respondent. The respondent filed for bankruptcy and attempted to obtain a discharge of the claim in bankruptcy. The bankruptcy petition was dismissed and a default judgment was entered against the respondent in the district court in the amount of $382,263. *Reschke v. Bergmann,* Jefferson County District Court Case No. 87CV2964 (April 6, 1990). The respondent filed a notice of appeal and the case is now before the Colorado Court of Appeals.

### III

■ The neglect of a legal matter entrusted to a lawyer by his client violates DR6–101(A)(3). The facts in this case demonstrate the respondent's total disregard for his client's rights. The respondent was reminded many times by his client that a demand for arbitration should be filed, which causes the respondent's neglect to be construed as willful conduct. *People v. May,* 745 P.2d 218 (Colo.1987). The respondent's intentional failure to pursue his client's legal matter violates DR7–101(A)(1), (2) and (3). The respondent also violated DR1–102(A)(1) and C.R.C.P. 241.6 by not complying with the Code of Professional Responsibility.

The respondent also has a long disciplinary record. In 1984, the respondent received a letter of admonition for failing to prosecute a case and to communicate with his client. A more egregious violation occurred in 1986, and resulted in public censure for the respondent's continued and serious neglect of his client's affairs. On April 30, 1990, the respondent was suspended from the practice of law for three years because of his negligence in allowing

a statute of limitations to run on his client's personal injury claim.

### IV

■ When a lawyer knowingly fails to perform services for a client and causes serious injury to that client, disbarment is the appropriate remedy. ABA Standards for Imposing Lawyer Sanctions section 4.41(b) (1986). A number of aggravating factors support disbarment as the sanction in this case. The respondent was previously disciplined for similar professional misconduct. In addition to the respondent's pattern of professional misconduct, his failure to cooperate with the Grievance Committee in the investigation coupled with a refusal to make discovery, and to appear at the hearing, buttress the recommendation of disbarment. The respondent refused to acknowledge his misconduct and has repeatedly neglected legal matters entrusted to him by his clients during his more than twenty years of practice. In addition, he attempted to avoid making restitution by filing for bankruptcy. ABA Standards 9.22(a), (c), (e), (g), (i) and (j).

In this case, and the prior case that resulted in a three-year suspension, the respondent allowed the statute of limitations to run on his clients' cases. His conduct in both cases resulted in serious and substantial injury to his clients.

Accordingly, we order that Glenn Arnold Bergmann be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court. In accordance with C.R.C.P. 241.21(a), the order of disbarment shall be effective on the announcement of this opinion. The respondent is also ordered to promptly notify his clients of his disbarment and comply with the notice requirements in C.R.C.P. 241.21. Costs in the amount of $152.93 are to be paid by the respondent to the Colorado Supreme Court Grievance Committee, 600 17th Street, Suite 500–S, Denver, Colorado 80202–5435, within thirty days. Until restitution is made, in accordance with any final order of the Jefferson County District Court in Case No. 87CV2964, and in compliance with the directions in this opinion, the

respondent may not apply for readmission or reinstatement to the Colorado bar.