**Delmart Edward VREELAND,**
**Petitioner–Appellant**

v.

**Sheriff David A. WEAVER,**
**Respondent–Appellee.**

**No. 07SA202.**

Supreme Court of Colorado,
En Banc.

Oct. 6, 2008.

Michael J. Heher, Captain Cook, Hawaii, Attorney for Petitioner–Appellant.

Carol Chambers, District Attorney, Eighteenth Judicial District, Andrew Cooper, Deputy District Attorney, Centennial, Colorado, Attorneys for Respondent–Appellee.

Justice RICE delivered the Opinion of the Court.

In this case we address Petitioner Delmart Edward Vreeland's attempt to pursue his claim of a violation of his speedy trial rights through a petition for writ of habeas corpus filed before his sentencing. In accord with our longstanding precedent, we hold that Vreeland's petition for writ of habeas corpus was properly denied because speedy trial claims should be pursued through C.A.R. 21 petitions and post-conviction remedies under Crim. P. 35.

## I. Facts and Procedural History

Vreeland was charged with numerous counts involving child prostitution, sexual exploitation of children, sexual assault, drug distribution, contributing to the delinquency of a minor, theft, criminal impersonation, violation of bail bond conditions, unauthorized use of a financial transaction device, forgery, and habitual criminality.

On February 15, 2006, Vreeland filed with this court a Petition for Rule to Show Cause, asking that we review certain interlocutory rulings by the trial court, Douglas County District Court Judge Paul A. King, pursuant to our powers under C.A.R. 21. Among other issues, Vreeland asked us to review his claim that his rights to a speedy trial were violated when the People allegedly produced voluminous discovery shortly before trial was scheduled to begin, requiring Vreeland to seek a continuance or face trial without having time to review the discovery. On February 21, 2006, we denied Vreeland's Petition for Rule to Show Cause.

Proceedings continued before Judge King, and after a December 2006 trial, a jury found Vreeland not guilty of theft but guilty of all remaining counts. The habitual criminality counts were not included in this trial.

On February 26, 2007, Vreeland filed with this court another Petition for Rule to Show Cause pursuant to C.A.R. 21, again asking us to review his claim that his rights to a speedy trial were violated. Vreeland acknowledged that his previous petition had included the same claim founded on the same facts, but argued that the attorney filing the previous petition was laboring under a conflict of interest, thereby justifying another petition. We denied this second petition on February 28, 2007.

On May 11, 2007, Vreeland initiated a new case in Douglas County District Court by filing a petition for writ of habeas corpus. In his petition, Vreeland alleged that his rights to a speedy trial had been violated in his criminal case before Judge King, based on the same facts presented in his two prior C.A.R. 21 petitions. Vreeland requested the dismissal of the charges against him and his release from incarceration. At the time he filed his petition, his trial on habitual criminal charges had not occurred, and he had not yet been sentenced on any counts for which he had already been found guilty.

Vreeland's habeas corpus petition was assigned to Douglas County District Court Judge Nancy A. Hopf. Judge Hopf denied the petition, finding that it was insufficient on its face because Vreeland's trial was continued at his own request after waiving his speedy trial rights. Judge Hopf also held that Vreeland's petition was deficient because his speedy trial claim should be raised in the ordinary course of applying for post-conviction relief under Crim. P. 35, and then by direct appeal if the post-conviction relief is denied.

Vreeland appealed Judge Hopf's order directly to this court pursuant to section 13–4–102(1)(e), C.R.S. (2007).

## II. Analysis

■ Vreeland seeks to pursue his claim of a violation of his speedy trial rights through a petition for writ of habeas corpus filed before his sentencing and before pursuing post-conviction remedies. In accord with our longstanding precedent, we hold that Vreeland's petition for writ of habeas corpus was properly denied.

■ We have consistently held that "[h]abeas corpus relief is generally not available

unless other relief is unavailable." *Blevins v. Tihonovich*, 728 P.2d 732, 733 (Colo.1986). Thus, "[w]e have repeatedly declared that the writ of habeas corpus may not be used as a substitute for an appeal and that a hearing on a writ of habeas corpus may not be used as a basis for reviewing issues resolved by another court." *Ryan v. Cronin*, 191 Colo. 487, 489, 553 P.2d 754, 755 (1976). Specifically, Crim. P. 35 "affords all remedies which are available through a writ of habeas corpus," *People ex rel. Wyse v. District Court*, 180 Colo. 88, 93, 503 P.2d 154, 156 (1972), and therefore a defendant must ordinarily pursue relief through Crim. P. 35 rather than through habeas corpus, *Kailey v. Colorado Department of Corrections*, 807 P.2d 563, 566–67 (Colo.1991).

Given this framework, we have observed that because alleged speedy trial violations can be addressed through post-conviction motions under Crim. P. 35, they should not be pursued through petitions for writ of habeas corpus. *Dodge v. People*, 178 Colo. 71, 73, 495 P.2d 213, 214 (1972); *see also Horton v. Suthers*, 43 P.3d 611, 616 (Colo.2002) (citing *Dodge* for the proposition that "an alleged speedy trial violation is not properly asserted in a petition for writ of habeas corpus"). Vreeland cites prior cases in which courts entertained petitions for writs of habeas corpus alleging speedy trial violations, *see, e.g., Rader v. People*, 138 Colo. 397, 400–01, 334 P.2d 437, 439 (1959), but all of those cases predate our adoption of the Rules of Criminal Procedure and the post-conviction remedies set forth in Crim. P. 35. *See Dodge*, 178 Colo. at 73, 495 P.2d at 214.

Vreeland does not provide any compelling reason why we should depart from our precedent and direct Judge Hopf to second-guess Judge King's resolution of Vreeland's speedy trial claim. Vreeland argues that he is prejudiced by the time required to pursue and resolve post-conviction remedies. However, he fails to acknowledge that in appropriate circumstances where it would be unjust for a defendant to wait to pursue post-conviction relief, a defendant possesses a remedy under C.A.R. 21. *See Marquez v. Dist. Court*, 200 Colo. 55, 58, 613 P.2d 1302, 1304 (1980) ("Relief in the nature of prohibition under C.A.R. 21 is an appropriate remedy when a district court is proceeding without jurisdiction to try a defendant in violation of his right to a speedy trial."). Indeed, Vreeland pursued that remedy, albeit unsuccessfully, when he filed two nearly identical C.A.R. 21 petitions with this court alleging speedy trial violations. Thus, our framework of C.A.R. 21 petitions and post-conviction remedies provides defendants such as Vreeland ample opportunity to have their claims heard in an efficient manner. There is no reason to require district courts to consider alleged speedy trial violations in habeas corpus proceedings.

### III. Conclusion

It is abundantly clear that Vreeland has sufficient opportunity to pursue his claim of a speedy trial violation through C.A.R. 21 and Crim. P. 35. We therefore affirm Judge Hopf's order denying Vreeland's petition for a writ of habeas corpus.