## No. 12,257.

HALTER, ET AL. *v.* WADE.

Decided December 31, 1928.

Messrs. MORRISSEY, MAHONEY & SCOFIELD, Mr. HAROLD G. KING, for plaintiffs in error.

Messrs. CLINE & WHITEHEAD, Mr. E. J. ACKERSON, for defendant in error.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

SECTION 444 of our Code of Civil Procedure authorizes the Supreme Court to prescribe rules of practice and procedure of all courts of record, which shall supersede any statute in conflict therewith. Inferior courts of record may adopt rules not in conflict with the rules of the Supreme Court or with statutes. Rule 14 of our nisi prius rules provides that nisi prius courts may make rules to govern their own procedure, not inconsistent with our rules or with statute. The Denver district court in pursuance thereof adopted, in February, 1928, rule 21 for the lodging, settling and signing of bills of exception. In substance this rule provides that immediately after a party shall tender his bill of exceptions to the proper judge it shall be lodged with the clerk, who shall enter it upon the register of actions as lodged and shall endorse it; and said party shall forthwith notify the opposite party, or his attorney of record, in writing, that said bill of exceptions, has been lodged with the clerk. This record discloses that plaintiffs in error, judgment debtors, were, on December 30, 1927, allowed sixty days for ten-

dering a bill of exceptions. No extension of time was thereafter applied for or granted. The bill as prepared by plaintiffs in error was tendered to the trial judge February 15, 1928, within the sixty day period. It was not lodged "immediately" with the clerk and not until March 7, 1928. Notice of the lodging was not served on counsel for defendant in error until March 24, 1928, though the rule prescribes that it must be "forthwith" served. Defendant in error filed written objections to the signing and settlement of this bill for a failure of the plaintiffs in error to comply with the provisions of rule 21 of the district court above referred to as to the time of lodging and as to notice to the defendant in error. On April 23 following, on a hearing before the trial judge, the objections were overruled and the bill as tendered was settled and signed as the bill of exceptions.

Upon her motion to strike the bill defendant in error makes the following contention. The rules of the Supreme Court and of the district court in harmony therewith have the force and effect of a statute. Our rule 10 provides that a bill of exceptions may be tendered to the judge or clerk of a nisi prius court. And, contrary to the unwarranted assumption of both parties in this case, it prescribes the procedure when the bill is first tendered to the clerk; but is silent as to the procedure to be observed when the bill is tendered to the judge. The Denver district court, sitting en banc, doubtless perceived that we have not assumed to prescribe a procedure when the bill is first tendered to the judge, and that no provision had been made by us applicable to him. It therefore adopted rule 21, which specifically provides the procedure when plaintiff in error tenders his bill to the trial judge. There is no inconsistency between these two methods of procedure. One method of procedure is to be followed by the trial judge; the other governs when the bill is tendered to the clerk, though, in substance, they are not essentially unlike.

This record shows that when the bill was tendered on February 15, to the trial judge for filing and allowance, it was not "immediately" lodged with the clerk. Neither did the plaintiffs in error "forthwith," as the rule says they must do, notify the defendant in error or her attorney that the bill had been lodged with the clerk. It is doubtless true that "immediately" and "forthwith" are not always inelastic words. Usually the courts in construing them say that a thing which is commanded to be done "forthwith" or "immediately" may be done within twenty-four hours. But the facts of each particular case are to be considered in determining what effect and meaning is to be given them. In no case that we have found are they deemed so elastic as to justify postponement, as here, for about three weeks. Plaintiffs in error failed to comply with rule 21. It was made by the court consisting of seven judges sitting en banc. No single judge has the power to ignore it or waive its enforcement. It was made to be enforced just as much so as if the legislature by statute enacted it, and in that case no court or judge could properly disobey it. This is not a case where a rule is of doubtful meaning or ambiguous, uncertain or unintelligible. The bill should have been stricken for failure of the plaintiffs in error to comply with its mandatory provisions. No showing is made by the plaintiffs in error that would make the case an exception to the general rule.

Motion granted.

MR. CHIEF JUSTICE DENISON and MR. JUSTICE ALTER not participating.