**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellant,**

v.

**Jane Ellen BYRNE,**
**Defendant–Appellee.**

**No. 87SA92.**

Supreme Court of Colorado,
En Banc.

Oct. 11, 1988.

Donald E. Mielke, Dist. Atty., John T. Scherling, Deputy Dist. Atty., Golden, for plaintiff-appellant.

David F. Vela, Colorado State Public Defender, Barbara S. Blackman, Chief Appellate Deputy Public Defender, Denver, for defendant-appellee.

KIRSHBAUM, Justice.

The People appeal the trial court's order dismissing a complaint charging the defendant, Jane Ellen Byrne, with conspiracy to escape.[1] The trial court concluded that the defendant had not been brought to trial on the charge within the six-month speedy trial period mandated by section 18–1–405, 8B C.R.S. (1986). We affirm.

I

On May 1, 1986, the defendant was charged by a complaint filed in the Jefferson County District Court with conspiracy to escape, in violation of sections 18–2–201 and 18–8–208, 8B C.R.S. (1986), and aiding escape, in violation of section 18–8–201, 8B

C.R.S. (1986). The aiding escape charge was dismissed subsequent to a preliminary hearing. On June 3, 1986, the defendant entered a plea of not guilty to the conspiracy charge and agreed to a trial date of November 4, 1986.

The defendant initially was transported from the Jefferson County Jail to the Fremont County Jail; on July 18, 1986, she was delivered to the custody of the Department of Corrections (the Department) and placed at its Canon City, Colorado, facility. No detainer based on the conspiracy charge was ever filed in any of these institutions.

On September 25, 1986, a writ of habeas corpus *ad prosequendum* issued by the United States District Court for the District of Colorado was executed by the United States Marshal. This writ ordered the United States Marshal to present the defendant to that court on October 9, 1986, in connection with charges pending against her in *United States v. Byrne*, 86–CR–208. Pursuant to the writ, the Department delivered the defendant into the custody of the United States Marshal until final disposition of the federal case.

On July 21, 1986, the deputy district attorney prosecuting the case (the prosecutor) obtained a writ of habeas corpus *ad prosequendum* directing the Department and the sheriff to produce the defendant for a motions hearing on July 30, 1986. The defendant was present at that hearing. A further motions hearing was scheduled initially for October 14, 1986, and then continued to October 23, 1986, and, finally, to October 27, 1986. The prosecutor obtained writs of habeas corpus *ad prosequendum* directing the Department to produce the defendant for those hearings. She did not appear at the October 27 hearing, having been transferred previously to the custody of federal officials.

The defendant did not appear on November 4, 1986, for trial. On that date, the prosecutor informed the trial court that the defendant was in the custody of federal authorities and the trial date was continued

---

1. The People's notice of appeal does not specify this court's basis of jurisdiction over its appeal. Presumably, the People intended to file the appeal pursuant to § 16–12–102(1), 8A C.R.S. (1986).

to December 2, 1986—one day prior to the date upon which the defendant's statutory right to speedy trial expired. The prosecutor then made several telephone calls to a representative of the United States Marshal's office seeking to ensure the defendant's presence for trial. During each call he was told, "[W]e could not get her."

On November 5, 1986, the prosecutor again sought and obtained a writ of habeas corpus *ad prosequendum* from the trial court directing the Department and the sheriff to produce the defendant for trial on December 2, 1986. The prosecutor did not, however, seek a writ of habeas corpus *ad prosequendum* directed to any federal authority. When the defendant did not appear on December 2, the case was continued to January 20, 1987, for review.

On December 24, 1986, the prosecutor did obtain a writ of habeas corpus *ad prosequendum* from the trial court directing the United States Marshal to produce the defendant for the January 20, 1987, hearing. The defendant did not appear, however, and the case was continued until February 12, 1987, for further review. On January 21, 1987, the prosecutor obtained a writ of habeas corpus *ad prosequendum* ordering the sheriff and the Director of the Department's Canon Correctional Facility, Women's Division, to produce the defendant for the February 12, 1987, hearing. The defendant appeared at that hearing and filed a motion to dismiss on the ground that the speedy trial rights provisions of section 18–1–405, 8B C.R.S. (1986), had been violated.

The trial court granted the motion. It concluded that more than six months had elapsed from the date the defendant entered her not guilty plea, that she was not "unavailable" for trial during the time she was in the custody of federal officials and that under the circumstances the prosecutor's conduct did not constitute a diligent effort to obtain her presence for trial.

---

**2.** Section 18–1–405(6)(g), 8B C.R.S. (1986), authorizes an exclusion from the time calculation established by § 18–1–405(1) for delays resulting from granted continuances requested by the prosecuting attorney. The period of delay,

## II

The People assert that the period of time during which the defendant was in federal custody should be excluded from any calculation of the expiration of her speedy trial date because she was then unavailable for trial within the meaning of section 18–1–405(6)(d), 8B C.R.S. (1986), and because the prosecutor exerted diligent efforts to obtain her presence for trial. We disagree with these arguments.

Section 18–1–405(1), 8B C.R.S. (1986), provides that a person accused of a crime not brought to trial within six months of the date upon which a plea of not guilty is entered shall have the pending charges dismissed. *People v. Yellen,* 739 P.2d 1384, 1389 (Colo.1987); *People v. Martin,* 732 P.2d 1210, 1213 (Colo.1987); *Jones v. People,* 711 P.2d 1270, 1280 (Colo.1986). Certain time periods, however, may be excluded from the calculation of time under section 18–1–405(1).[2] Section 18–1–405(6)(d) contains the following pertinent provisions:

> (6) In computing the time within which a defendant shall be brought to trial as provided in subsection (1) of this section, the following periods of time shall be excluded:
>
> . . . .
>
> (d) The period of delay resulting from the voluntary absence or unavailability of the defendant; however, a defendant shall be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained, or he resists being returned to the state for trial. . . .

§ 18–1–405(6)(d), 8B C.R.S. (1986).

■ The language of section 18–1–405 is mandatory unless the delay in question is permitted by one of the exclusionary provisions. Failure to comply with the statutory speedy trial limitation requires that pending charges must be dismissed with prejudice. *See, e.g., People v. Martin,* 732 P.2d

which may not exceed six months, is granted only if certain other circumstances are also established. The record does not indicate that the prosecutor requested any continuance in this case.

1210; *People v. Beyette,* 711 P.2d 1263 (Colo.1986); *Jones v. People,* 711 P.2d 1270; *Watson v. People,* 700 P.2d 544 (Colo.1985); *People v. Bell,* 669 P.2d 1381 (Colo.1983). The People urge that the defendant was unavailable for trial on November 4 and December 2, 1986, because she was in the custody of federal officials. However, a defendant's incarceration, when the prosecution is aware of the defendant's location, does not render the defendant unavailable for purposes of statutory speedy trial considerations unless the prosecution can show that despite diligent efforts the defendant's presence could not be secured. *Watson v. People,* 700 P.2d at 548. The prosecutor knew prior to November 4, 1986, that the defendant was in the custody of the United States Marshal—one month before the statutory speedy trial date expired. Moreover, the failure of the sheriff and the Department to produce the defendant for trial court proceedings on October 27, 1986, despite service upon them of writs of habeas corpus *ad prosequendum,* should have alerted the prosecutor to the fact that the defendant was not being held by those authorities. Even after the prosecutor learned of the defendant's location, he did not request a writ directed to the United States Marshal to secure her presence in the Jefferson County District Court for the December 2, 1986, trial. These facts are sufficient to support the trial court's conclusion that the prosecutor's conduct in this case did not constitute diligent efforts to obtain the defendant's presence for purposes of the speedy trial statute.

█ The People also argue that the period of delay involved in this case is not attributable to the prosecution because the defendant failed to disclose her whereabouts to the trial court or to the prosecutor. Actions of a defendant which effectively preclude authorities from objecting to that defendant's removal from the state render the defendant unavailable for purposes of section 18–1–405(6)(d), 8B C.R.S. (1986). *People v. Yellen,* 739 P.2d 1384 (Colo.1987) (defendant's speedy trial time tolled by his voluntary request for speedy disposition of detainer against him by authorities in Michigan and by his subsequent removal to Michigan); *People v. Moye,* 635 P.2d 194 (Colo.1981) (a period of delay caused by the defendant's avoidance of the criminal justice system attributable to the defendant). However, the record in this case contains no indication that the defendant took any action to impede the prosecutor's ability to locate her. The only impediments to the prosecutor's efforts to obtain the defendant's presence for the December 2, 1986, trial were statements of a representative of the United States Marshal to the effect that Colorado officials could not secure her presence for trial. Such comments did not preclude a motion for a writ directed to the Marshal. Under that circumstance, the trial court did not abuse its discretion in concluding that the defendant's conduct did not inhibit the prosecutor's ability to obtain her presence for trial.

### III

For the foregoing reasons, the judgment of the trial court is affirmed.

LOHR, J., does not participate.