2014 COA 66M

**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Jose Adan DESANTIAGO, Defendant-Appellant.**

**Court of Appeals No. 11CA2612**

Colorado Court of Appeals, Div. III.

Announced May 22, 2014

Modified on Denial of Rehearing July 3, 2014

John W. Suthers, Attorney General, Jay C. Fisher, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Emeson Law, LLC, Brian Emeson, Denver, Colorado, for Defendant–Appellant

Opinion by JUDGE TERRY

¶ 1 Defendant, Jose Adan Desantiago, appeals the judgment of conviction entered on a jury verdict finding him guilty of distribution of a schedule II controlled substance and conspiracy to distribute a controlled sub-

stance. We remand the case to the trial court with instructions.

¶ 2 This appeal centers around Colorado's speedy trial statute, section 18–1–405(5), C.R.S.2013, which states that a "defendant must move for dismissal prior to the commencement of . . . trial and *prior to any pretrial motions which are set for hearing immediately before the trial.*" (Emphasis added.) We construe this language to mean that a defendant timely files a motion to dismiss even if it is filed on the day of trial, as long as it is filed prior to any hearing on any pretrial motion that is set for hearing on that day.

## I. Background

¶ 3 At his arraignment in this case on November 4, 2010, defendant entered a not guilty plea, and the court set a trial date of April 6, 2011. The prosecutor told the court that defendant was in federal custody, and that his presence had been secured through a writ to federal authorities. The court ordered that defendant remain in Adams County until his trial date.

¶ 4 On March 4, 2011, a motions hearing was held in this case, but defendant was not present. The prosecutor said that although a writ had been prepared to secure defendant's presence, defendant had nevertheless been transferred from federal custody in Colorado to federal custody in Texas. The court ordered the prosecution to writ defendant from the federal authorities for the next hearing, scheduled for April 1, 2011. However, defendant was not present at that hearing, either. The prosecution informed the trial court that it had attempted to locate defendant utilizing the United States Marshal's service and the United States Bureau of Prisons records, but that federal authorities could not locate him, and therefore no writ was prepared. The trial court then vacated defendant's April 6, 2011, trial date at the request of defense counsel.

¶ 5 When defendant did not appear at a hearing on April 6, 2011, the prosecutor told the court that defendant was still in federal custody in Texas. At a June 2, 2011, hearing, defendant again was not present, and the prosecution said that though it had initiated the detainer process for defendant, Douglas County had initiated that process earlier to secure his presence for a case in that jurisdiction. The court ordered the prosecution to issue a writ to Douglas County to secure defendant's attendance in Adams County at the next hearing set for June 23, 2011.

¶ 6 Defendant was not present at the June 23, 2011, hearing, even though the prosecution had confirmed with the United States Marshal that defendant had been released from federal custody on June 11, 2011.

¶ 7 Finally, on July 14, 2011, defendant appeared in court for a hearing in this case. The court advised him that he had the right to be brought to trial within six months, but that the speedy trial period could be tolled for one week to allow defendant to discuss trial strategy with his attorney. The court explained that, if defendant agreed to such a tolling period, the period of time in which he could be brought to trial would be extended by an additional seven days. Defendant responded that he wished to proceed in that manner. The trial court then found that the speedy trial period was "tolled" for one week, and set another hearing for July 22, 2011.

¶ 8 At the July 22, 2011, hearing, defendant appeared. By that time, the original trial date that was set to comply with the speedy trial statute had passed, and the court and the parties discussed the tolling of the statute. The court found that the statutory period was tolled from March 4, 2011, when defendant first failed to appear for a hearing, until July 22, 2011. A new trial date was set for September 7, 2011.

¶ 9 Though a motions hearing was held on August 5, 2011, defendant did not then move to dismiss based on the speedy trial statute. However, on August 26, 2011, before the September 7 trial setting, defendant moved to dismiss the charges against him, asserting violation of his statutory speedy trial right. The court ruled on the motion at an August 30, 2011, hearing, and denied the motion as untimely filed.

¶ 10 Defendant was tried in a jury trial that began on September 7, 2011, and he was convicted of distribution of a schedule II controlled substance and conspiracy to dis-

tribute a controlled substance. This appeal followed.

## II. Alleged Violation of Speedy Trial Statute

¶ 11 Defendant contends that the trial court should have granted his motion to dismiss for violation of his statutory right to speedy trial. We agree with defendant that the trial court misinterpreted the phrase, "prior to any pretrial motions which are set for hearing immediately before the trial," in section 18–1–405(5), and, as a result, misapplied the statute. However, because the trial court made no findings that would allow us to determine whether the prosecution made adequate efforts to secure defendant's attendance in court, we remand to that court to make such findings.

### A. Legal Standards

¶ 12 When a trial court denies a defendant's motion to dismiss based on its application of a speedy trial statute to undisputed facts, our review is de novo. *People v. Walker*, 252 P.3d 551, 552 (Colo.App.2011). We also review de novo an issue of statutory interpretation. *Weinstein v. Colborne Foodbotics, LLC*, 2013 CO 33, ¶ 8, 302 P.3d 263.

¶ 13 When interpreting a statute, we first consider the statutory language and give words their plain and ordinary meaning. *Town of Telluride v. Lot Thirty–Four Venture, L.L.C.*, 3 P.3d 30, 35 (Colo.2000). As long as the meaning of such words is unambiguous, we need not rely on interpretive rules of statutory construction. *Id.* However, we will not construe the language of a statute in such a manner as to lead to an absurd, unreasonable, or illogical result. *See Frazier v. People*, 90 P.3d 807, 811 (Colo. 2004) (interpretation leading to an illogical result will not be followed); *Bd. of Cnty. Comm'rs v. ExxonMobil Oil Corp.*, 192 P.3d 582, 585–86 (Colo.App.2008) ("We ... presume that the legislature intended a just and reasonable result, § 2–4–201(1)(c), C.R.S. 2007, and [we] will not interpret a statute in a manner that leads to an absurd or unreasonable result."), *aff'd*, 222 P.3d 303 (Colo. 2009).

### B. Interpretation of Speedy Trial Statute

¶ 14 Under Colorado's speedy trial statute, if a defendant has not been brought to trial within six months from the date of entry of a plea of not guilty, charges against him or her must be dismissed with prejudice. § 18–1–405(1); *People v. Sanchez*, 649 P.2d 1049, 1050 (Colo.1982). To be entitled to a dismissal for violation of a defendant's statutory right to speedy trial, a "defendant must move for dismissal prior to the commencement of ... trial and *prior to any pretrial motions which are set for hearing immediately before the trial.*" § 18–1–405(5) (emphasis added).

¶ 15 Defendant filed a motion to dismiss for violation of his statutory right to speedy trial on August 26, 2011, three weeks after the August 5 motions hearing. The trial court denied the motion as untimely filed, interpreting section 18–1–405(5) to require that defendant have filed such a motion before the August 5 motions hearing. The court stated,

> [t]he motion is denied under the provisions of ... § 18–1–405. In order to reserve defendant's right to seek dismissal under § 18–1–405(5), the statute reads [that] ... the defendant must move for dismissal ... prior to pretrial motions set for hearing immediately before the trial. The matter proceeded to a motions hearing ... [and] defendant did not make a request for dismissal. The [c]ourt need not reach other issues because ... defendant has not complied with the statute.

¶ 16 According to defendant, the word "immediately" in the statute modifies the phrase "before the trial," and he was permitted to file the motion up until the day of trial, as long as it was filed prior to any motions hearing held on that day. We agree.

¶ 17 The plain and ordinary meaning of the term "immediately" is "without delay," "as soon as," *The American Heritage Dictionary of the English Language* 878 (4th ed. 2000) ("immediate" is defined as "of or near the present time"), or "without lapse of time," *Random House Webster's College Dictionary* 672 (1991) ("immediate" is defined as "preceding without a lapse of time"); *see also*

*Black's Law Dictionary* (9th ed. 2009) ("immediate" is defined as "[o]ccurring without delay; instant"); *cf. Halter v. Wade,* 85 Colo. 121, 122–24, 273 P. 1042, 1043 (1928) (three weeks is not "immediately").

¶ 18 Under the plain meaning of the statute, a defendant timely files a motion to dismiss even if it is filed on the day of trial, as long as it is filed prior to any hearing on any pretrial motion that is set for hearing on that date.

¶ 19 Moreover, interpreting the statute to mean that defendant was required to move for dismissal more than one month prior to his trial date would lead to an absurd result. *See Bd. of Cnty. Commis.,* 192 P.3d at 585–86 (court will not interpret a statute in a manner that leads to an absurd or unreasonable result). A defendant should not have to assert a violation of his or her speedy trial rights weeks before trial when a violation of such rights may not occur until days before, or even on the day of, trial. For example, a defendant's trial could occur outside the speedy trial deadline as a result of the prosecution's request for a continuance that was granted *after* the first motions hearing. *Cf.* § 18–1–405(6)(g) (allowing the prosecution to request and properly be granted a continuance that falls outside the statutory speedy timeline in limited circumstances). Such a result would violate both the letter and spirit of section 18–1–405(5). *See People v. Roberts,* 146 P.3d 589, 592 (Colo.2006) (speedy trial statute entitles a defendant to a dismissal of the charges against him or her if not brought to trial within six months); *see also Watson v. People,* 700 P.2d 544, 548 (Colo. 1985) (section 18–1–405 is intended to clarify and simplify the parameters of the constitutional right to a speedy trial; mandatory language of the statutory provision leaves no room for court discretion).

¶ 20 We therefore conclude that defendant's motion to dismiss was timely filed.

## C. Merits

¶ 21 Defendant contends that the trial court erred when it determined the period of tolling of his statutory right to a speedy trial because the prosecution did not make diligent efforts to secure his presence from federal custody. *See Watson,* 700 P.2d at 548 (a defendant in federal custody will not be considered "unavailable" unless the prosecution can show that despite diligent efforts the defendant's presence in state court could not be secured); *see also People v. Byrne,* 762 P.2d 674, 677 (Colo.1988) (prosecution makes proper, diligent efforts to secure a defendant's presence for state court proceedings when it is aware of the defendant's location, and serves a writ of habeas corpus *ad prosequendum* on the United States Marshal or other federal authority charged with the defendant's custody).

¶ 22 The trial court's findings are insufficient to allow us to determine whether dismissal of the case was warranted on speedy trial grounds. We therefore remand the case to the trial court for the limited purpose of having the court make findings of fact and conclusions of law on that issue. *People v. Brazzel,* 18 P.3d 1285, 1289 (Colo. 2001) (when the absence of factual findings regarding a key contested issue hinders appellate review, we must remand to trial court for further factual findings).

¶ 23 On remand, the trial court is directed to make findings regarding the following facts:

- Whether the prosecution was aware of defendant's location in federal custody, and what efforts the prosecution made to determine his location between the dates of March 4, 2011, and July 14, 2011. *Byrne,* 762 P.2d at 677.

- Whether the prosecution issued writs of habeas corpus *ad prosequendum* to the federal authorities that were actually charged with defendant's custody, and, if so, the dates when those writs were issued, and the content of the writs. *Id.*

At the trial court's discretion, it may take additional evidence concerning these issues or any other issue related to the resolution of the motion to dismiss for lack of a speedy trial.

¶ 24 Once these findings have been made, the trial court is directed to make conclusions of law regarding whether the prosecution made diligent efforts to secure defendant's presence.

### III. Conclusion

¶ 25 The case is remanded for the trial court to make findings and conclusions with regard to the prosecution's efforts to comply with the speedy trial statute, as specified above. Because of our disposition, we defer consideration of defendant's other arguments until after remand.

JUDGE DAILEY and JUDGE MILLER concur.