Opinions of the Colorado Supreme Court are available to the
public and can be accessed through the Judicial Branch's
homepage at http://www.courts.state.co.us.  Opinions are also
posted on the Colorado Bar Association's homepage at
http://www.cobar.org.

ADVANCE SHEET HEADNOTE
April 13, 2020

**2020 CO 25**

**No. 19SA252, *In re People v. DeGreat* — Criminal Trials — Speedy Trial — When Delay Is Attributable to Defendant.**

In a previous case, the supreme court affirmed the court of appeals' reversal of a criminal defendant's convictions and remanded the case for a new trial.  *See People v. DeGreat*, 2018 CO 83, 428 P.3d 541.

Here, in this original proceeding, defendant now contends that respondents failed to pursue retrial within the statutory speedy trial deadline set forth in section 18-1-405(2), C.R.S. (2019).  The remedy for this speedy trial violation, argues defendant, is dismissal of his charges with prejudice.  Respondents counter that because all parties failed to comply with a court-issued scheduling order, the delay in this case is at least partially attributable to the defendant such that, pursuant to section 18-4-405(6)(f), the speedy trial period was tolled.

The supreme court now reaffirms the well-established principle that a defendant has no duty to bring himself to trial.  Rather, the duty to pursue trial within the speedy trial deadline rests with the People and the district court.

Because this duty went unmet here, the supreme court makes the rule absolute.

Defendant's charges must be dismissed with prejudice.

## The Supreme Court of the State of Colorado

2 East 14th Avenue • Denver, Colorado 80203

---

### 2020 CO 25

---

### Supreme Court Case No. 19SA252
*Original Proceeding Pursuant to C.A.R. 21*
Arapahoe County District Court Case No. 08CR1289
Honorable Andrew Baum, Judge

---

### In Re
### Plaintiff:

The People of the State of Colorado,

v.

### Defendant:

Edward Kevin DeGreat.

---

### Rule Made Absolute
*en banc*
April 13, 2020

---

**Attorneys for Plaintiff:**
George H. Brauchler, District Attorney, Eighteenth Judicial District
Erika K. Reuer, Deputy District Attorney
*Centennial, Colorado*

**Attorneys for Defendant:**
Megan A. Ring, Public Defender
Jason C. Middleton, Chief Appellate Deputy
Alaina Almond, Deputy Public Defender
Sean Irwin, Deputy Public Defender
*Denver, Colorado*

**Attorneys for the Honorable Andrew Baum:**
Philip J. Weiser, Attorney General
Grant T. Sullivan, Assistant Solicitor General
*Denver, Colorado*

**JUSTICE HART** delivered the Opinion of the Court.

¶1     For nearly a year and a half, Edward Kevin DeGreat has been in prison awaiting a new trial after his earlier convictions were reversed. Colorado's speedy trial statute, however, requires that a retrial after reversal take place within six months of the trial court's receipt of the mandate after appeal. This six-month period can be tolled when the delay is attributable to the defendant; here, respondents argue that the delay is properly attributable to DeGreat because defense counsel did not reach out to schedule a status conference. But our law reflects the long-standing principle that a defendant has no duty to bring himself to trial. That responsibility, rather, rests with the prosecution and the trial court. And in the instant case, that responsibility was unmet. Accordingly, we granted DeGreat's petition to show cause under C.A.R. 21, and we now make the rule absolute. The charges against DeGreat must be dismissed with prejudice.

## I. Facts and Procedural History

¶2     In October 2018, we affirmed the court of appeals' decision reversing DeGreat's conviction for aggravated robbery and the attendant crime-of-violence sentence enhancer, concluding that DeGreat was entitled to a new trial in which he could introduce evidence that he had acted in self-defense. *See People v. DeGreat*, 2018 CO 83, 428 P.3d 541. On November 6, 2018, the court of appeals issued its mandate returning jurisdiction over the case to the Arapahoe County District Court so that DeGreat could be retried.

¶3     On December 3, 2018, the district court issued a written scheduling order directing counsel for both DeGreat and the People to contact chambers to set the case for a status conference at "the soonest available date." The public defender's office filed an entry of appearance on DeGreat's behalf three days later. After this filing, however, progress on the case ground to a halt. Neither defense counsel nor the People sought to schedule the status conference as ordered, and the district court made no further effort to obtain compliance from the parties.

¶4     On June 4, 2019—six months and twenty-nine days after the court of appeals' mandate issued—DeGreat filed a motion to dismiss, asserting that the failure to commence trial within six months of the issuance of the mandate violated his statutory right to a speedy trial. For another four months, however, neither the district court nor the People responded in any way to the motion to dismiss. Indeed, DeGreat filed two separate requests for a ruling on his motion—first on July 19, 2019, and again on August 30, 2019—and still received no response.

¶5     On October 16, 2019—a full eleven months and ten days after the court of appeals' mandate issued—the district court denied DeGreat's motion to dismiss. The court found that dismissal was unwarranted "[g]iven the failure of all counsel to comply" with the court's scheduling order of December 3, 2018. The district court reasoned further that "[a]ny delay in the instant case is attributable to both the People and Defendant and thus tolls speedy trial." The court set a status

4

conference for November 25, 2019, to discuss how DeGreat's retrial would proceed.

¶6 DeGreat then initiated this original proceeding, arguing that the district court's failure to abide by the statutory six-month deadline for the retrial stripped that court of jurisdiction to proceed with DeGreat's pending charges. We issued a rule to show cause and, for the reasons set forth below, we now make the rule absolute.

## II. Jurisdiction

¶7 The exercise of this court's original jurisdiction under C.A.R. 21 is entirely discretionary, and any relief pursuant thereto is "an extraordinary remedy that is limited in both purpose and availability." *People in Interest of T.T.*, 2019 CO 54, ¶ 16, 442 P.3d 851, 855–56 (quotation omitted). In the past, we have seen fit to exercise jurisdiction "when an appellate remedy would be inadequate, when a party may otherwise suffer irreparable harm, [or] when a petition raises issues of significant public importance that we have not yet considered." *People v. Kilgore*, 2020 CO 6, ¶ 8, 455 P.3d 746, 748 (internal citations and quotations omitted). Further, we have opted to grant relief when "a trial court acts in excess of its jurisdiction or without jurisdiction." *Chessin v. Office of Att'y Reg. Counsel*, 2020 CO 9, ¶ 8, 458 P.3d 888, 890 (quotation omitted).

¶8 In view of these principles, relief under C.A.R. 21 is appropriate for at least two reasons. First, as we have previously recognized, "[r]elief in the nature of prohibition under C.A.R. 21 is an appropriate remedy when a district court is proceeding without jurisdiction to try a defendant in violation of his right to a speedy trial." *Marquez v. Dist. Court*, 613 P.2d 1302, 1304 (Colo. 1980). In this case, the district court would be proceeding without jurisdiction if it were to try DeGreat in violation of his rights under Colorado's speedy trial statute, § 18-1-405, C.R.S. (2019), and the rules of this court, Crim. P. 48. *See Hampton v. Dist. Court*, 605 P.2d 54, 56 (Colo. 1980).

¶9 And second, in the absence of our exercise of original jurisdiction, DeGreat would be entirely without an adequate appellate remedy. Section 18-1-405 requires dismissal with prejudice if a defendant's statutory speedy trial right is violated. Thus, even a successful appeal in DeGreat's case would be a pyrrhic victory because DeGreat would first be subjected to the very trial he is entitled by statute to avoid. This statutory right not to be tried all but requires DeGreat to avail himself of an "extraordinary remedy" outside of the normal appellate process.

¶10 Based on the foregoing, we conclude that our exercise of jurisdiction over this case pursuant to C.A.R. 21 is warranted.

## III. Analysis

¶11    We begin by setting forth the speedy trial law applicable to this dispute. Next, we turn to the question of whether delay in this case was caused by or attributable to DeGreat. Ultimately, we answer this question in the negative. Even granting that DeGreat did not comply with the district court's scheduling order, his inaction was not consent to a delay in the retrial. A defendant has no duty to bring himself to trial. Rather, that responsibility rests with the prosecution and the trial court. Because respondents in this case failed to pursue retrial within the statutory speedy trial period, the remedy is dismissal with prejudice.

## A. Applicable Law

¶12    Colorado's speedy trial statute is intended to safeguard a defendant's constitutional right to a speedy trial and to prevent unnecessary prosecutorial and judicial delays in the prosecution of a criminal case. *Mosley v. People*, 2017 CO 20, ¶ 17, 392 P.3d 1198, 1202; *People v. Runningbear*, 753 P.2d 764, 767 (Colo. 1988). Whether a defendant's statutory speedy trial right has been violated is a matter of statutory interpretation and is therefore reviewed de novo. *Mosley*, ¶ 15, 392 P.3d at 1202.

¶13    Relevant here, our speedy trial statute provides that "[i]f trial results in conviction which is reversed on appeal, any new trial must be commenced within six months after the date of the receipt by the trial court of the mandate from the

appellate court." § 18-1-405(2); *see also* Crim. P. 48(b)(2) (containing identical language). As we have explained previously, this statutory language "requir[es] dismissal of the case whenever the defendant is not tried within the six month period and the delay does not qualify for one of the express exclusionary categories set out in the statute." *People v. Deason*, 670 P.2d 792, 796 (Colo. 1983). Further, we have clarified that the language of the speedy trial statute is mandatory—it leaves no discretion for the trial court to make exceptions to the six-month rule beyond those specifically enumerated in section 18-1-405(6). *People v. Gallegos*, 946 P.2d 946, 949 (Colo. 1997); *People v. Byrne*, 762 P.2d 674, 676 (Colo. 1988).

¶14     One exception to the six-month rule, contained in section 18-1-405(6)(f), provides that "[i]n computing the time within which a defendant shall be brought to trial," the court must exclude "[t]he period of any delay caused at the instance of the defendant." In other cases in which the interpretation of section 18-1-405(6)(f) was at issue, we have emphasized that "[t]he key . . . is to determine whether the defendant caused the delay. If the delay is caused by, agreed to, or created at the instance of the defendant, it will be excluded from the speedy-trial calculation made by the court." *People v. Bell*, 669 P.2d 1381, 1384 (Colo. 1983). A defendant causes the delay whenever he demonstrates "express consent to the delay or other affirmative conduct" evincing a clear intent to waive the right to

8

speedy trial. *Id.* at 1385 (quoting *Harrington v. Dist. Court*, 559 P.2d 225, 228 (Colo. 1977)). In assessing whether a delay is chargeable to the defendant under section 18-1-405(6)(f), we look to see whether the defendant was the "moving force" behind the delay, *id.* at 1386, and whether his actions "could be construed as 'tantamount to a request for a continuance,'" *id.* at 1384 (quoting *People v. Chavez*, 650 P.2d 1310, 1311 (Colo. App. 1982)).

## B. The Delay in This Case Was Not Attributable to DeGreat.

¶15 Respondents argue that because both the People and DeGreat failed to comply with the district court's scheduling order, the resultant trial delay was at least in part attributable to DeGreat. For two reasons, we cannot agree.

¶16 First, nothing in DeGreat's inaction was the kind of affirmative conduct or express consent to delay that section 18-1-405(6)(f) requires in order to toll the speedy trial period. True, DeGreat's counsel failed to respond to the district court's scheduling order by arranging for a status conference. But this simple inaction did not make DeGreat the "moving force" behind the delay, nor could it reasonably be construed as "tantamount to a request for a continuance." *See Bell*, 669 P.2d at 1384, 1386. Indeed, in the speedy trial context, "the only affirmative action required on the part of the defendant [is] that he move for a dismissal prior to trial." *Harrington*, 559 P.2d at 228. DeGreat did take that step, and the district

9

court should have granted his motion. To suggest that it was incumbent upon DeGreat to do more to safeguard his rights under the statute flies in the face of our speedy trial jurisprudence.

¶17 That brings us to our second point. It is well-settled law that the burden of compliance with the speedy trial requirement rests with the prosecution and the trial court. As the United States Supreme Court has said in discussing the constitutional right to a speedy trial:

> [a] defendant has no duty to bring himself to trial; the State has that duty as well as the duty of insuring that the trial is consistent with due process. Moreover, . . . society has a particular interest in bringing swift prosecutions, and society's representatives are the ones who should protect that interest.

*Barker v. Wingo*, 407 U.S. 514, 527 (1972). For that reason, this court has repeatedly explained that "[t]he trial court and prosecuting attorney are responsible for ensuring that a case is brought within statutory speedy trial time limits." *Hills v. Westminster Mun. Court*, 245 P.3d 947, 950 (Colo. 2011); *see also People v. Roberts*, 146 P.3d 589, 593 (Colo. 2006) ("The burden of compliance with the speedy trial statute is on the district attorney and the trial court."); *People v. Colantonio*, 583 P.2d 919, 921 (Colo. 1978) ("It was the responsibility of the district attorney and the trial court to cause the case to be brought to trial within the time limits set out in Crim. P. 48(b) and section 18-1-405."). In view of this well-established principle that the obligation to pursue trial in a timely fashion falls on the prosecution and the trial

10

court, respondents' suggestion that DeGreat was responsible for the delay in this case falls flat. It was not DeGreat's responsibility to pursue his own trial.

¶18 Moreover, even if we were to accept respondents' argument that DeGreat's failure to comply with the December 3, 2018, order to schedule a status conference made any delay attributable to him, his statutory rights would still have been violated. The court of appeals issued its mandate in this case on November 6, 2018. The district court issued its scheduling conference order twenty-seven days later. After hearing nothing more from either the People or the district court for well over six months, DeGreat filed his motion to dismiss for a violation of speedy trial on June 4, 2019. The district court waited more than four months to rule on DeGreat's motion to dismiss, and it set the first status conference in the case for November 25, 2019—174 days after DeGreat filed the motion to dismiss. Thus, even excluding the time from the court's scheduling order of December 3, 2018, to the filing of DeGreat's motion to dismiss on June 4, 2019, the first scheduled *hearing* in this case would have been set for 201 days after the mandate issued—well outside of the statutory six-month speedy trial period.

## IV. Conclusion

¶19 Because DeGreat was not brought to trial within the six-month period set forth in section 18-1-405 and the delay was not properly attributable to DeGreat,

11

the charges against him must be dismissed with prejudice.  Accordingly, we now

make the rule absolute.