The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division.  Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
May 14, 2020

## 2020COA79

**No. 17CA2273, *Peo v Taylor* — Criminal Law — Rights of Defendant — Speedy Trial**

A division of the court of appeals considers whether a district court may extend a defendant's speedy trial deadline under section 18-1-405(3.5), C.R.S. 2019, which refers to failure to appear on the "trial date," when the defendant fails to appear at a pretrial readiness conference conducted on the day before trial.  The division concludes it may not because the date of a pretrial hearing is not the "trial date."

COLORADO COURT OF APPEALS                                    **2020COA79**

Court of Appeals No. 17CA2273
El Paso County District Court No. 16CR1475
Honorable Larry E. Schwartz, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Paul Anthony Taylor,

Defendant-Appellant.

JUDGMENT VACATED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE LIPINSKY
Fox and Berger, JJ., concur

Announced May 14, 2020

Philip J. Weiser, Attorney General, Brittany L. Limes, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Tanja Heggins, Alternate Defense Counsel, Denver, Colorado, for Defendant-
Appellant

¶ 1    The Colorado speedy trial statute, section 18-1-405(1), C.R.S. 2019, requires that a person accused of a crime be "brought to trial" within six months of his or her not guilty plea.  Section 18-1-405(3.5) provides that the six-month period is extended if the defendant fails to appear on the "trial date."

¶ 2    In this case, the district court held that the failure of defendant, Paul Anthony Taylor, to appear for *a pretrial hearing* extended the six-month speedy trial period.  But the date of a pretrial hearing is not the "trial date."  As a consequence of this misreading of the speedy trial statute, the district court set Taylor's trial for a date more than six months after his not guilty plea.

¶ 3    Because the district court violated Taylor's statutory right to a speedy trial, we grant Taylor the only remedy the law permits for a speedy trial violation.  We vacate the judgment of conviction and remand to the district court with instructions to dismiss the charges filed against Taylor with prejudice.

## I.    Background

¶ 4    A Colorado Springs police officer pulled Taylor over for turning into a parking lot without signaling.  Through a check on the vehicle's license plate number, the officer discovered that the car

1

had been stolen. A second officer placed Taylor in handcuffs, while the first officer inventoried Taylor's car. During the inventory, the officer found marijuana, an open container of alcohol, a methamphetamine pipe, and a baggie containing methamphetamine.

¶ 5 Taylor was charged with aggravated motor vehicle theft, possession of a controlled substance, possession with intent to manufacture or distribute marijuana or marijuana concentrate, driving under restraint, failure to signal for a turn, and illegal possession or consumption of alcohol in a motor vehicle. Taylor pleaded not guilty to the charges on August 29, 2016.

¶ 6 The district court set a pretrial readiness conference for 9:00 a.m. on January 23, 2017, and set his jury trial for the same time on January 24, 2017.

¶ 7 Although Taylor failed to appear for the pretrial readiness conference at 9 a.m. on January 23, 2017, his defense counsel was present. The district court agreed to recall the case at 1:30 p.m. so that defense counsel could attempt to contact Taylor. When the case was recalled, Taylor was not present, and his counsel informed

the court that he had been unable to reach Taylor. The court issued a warrant for Taylor's arrest.

¶ 8     The clerk then asked the court, "Waiver of speedy trial as of today?" and the court answered, "Yes." Defense counsel inquired, "I assume vacate tomorrow's trial date?" and the court responded, "Yes."

¶ 9     At 4:45 p.m. that same day, Taylor arrived at the court without counsel. The court again recalled the case. Taylor asked if he could explain "what happened." The court replied, "I don't want you to make any statements that might come back to haunt you" and refused to let Taylor make a statement outside the presence of his attorney.

¶ 10    Taylor and his attorney did not appear in court for a trial on January 24 because the court had vacated the trial date the previous day.

¶ 11    On February 6, 2017, Taylor appeared before the court with counsel, who requested that Taylor's trial be set within the speedy trial period. The court asked, "[W]hen was the last waiver of speedy trial?" and defense counsel responded that there "[s]hould have been no previous waivers." He explained that he and Taylor had

3

appeared at a pretrial readiness conference on December 19, 2016, at which the prosecution had moved to continue the trial. The court had granted the continuance over the defense's objection. Counsel continued,

> As we stated Mr. Taylor appeared six hours tardy for readiness on [January] 23. He was taken into custody. So obviously [he] would have been available for trial on [January] 24.
>
> I note that there was no finding of speedy — waiver of speedy made at any time when Mr. Taylor was represented by counsel.

¶ 12 The clerk clarified that Taylor's failure to appear was "deemed waiver of speedy trial on January 23." The court stated:

> He was not here on the date that I made the trial call. Then the question is whether or not that constitutes a waiver as opposed to the next day. When we are normally set.
>
> I conclude there was a waiver of speedy trial. That is our trial call time. The fact that we could not have a jury present does not change my opinion on that. Nor the fact that he was in custody the next day.
>
> So we will reset it within six months of the date he failed to appear.

¶ 13 The following day, the court issued supplemental findings to support its finding of a waiver of speedy trial. In the supplemental findings, the court stated that on "January 24, the date set to begin

4

jury selection, neither the defendant nor his attorney was present." The court concluded that "by failing to appear at trial call on January 23 and failing to be present to demand trial on January 24, the defendant waived his right to a speedy trial."

¶ 14 During a subsequent pretrial hearing, Taylor moved to dismiss the charges against him on speedy trial grounds. The court denied his motion. After the prosecution was granted a second continuance over Taylor's objections, Taylor's trial was eventually held on June 20-21, 2017, nearly ten months after Taylor entered his not guilty plea. A jury found Taylor guilty of aggravated motor vehicle theft, possession of a controlled substance, possession of marijuana, failure to signal for a turn, and illegal possession or consumption of alcohol in a motor vehicle.

¶ 15 On appeal, Taylor argues that (1) the district court violated his statutory right to a speedy trial; (2) the district court violated his constitutional rights when it prevented his counsel from raising an affirmative defense of recreational marijuana; (3) there was insufficient evidence to sustain his convictions for aggravated motor vehicle theft and possession of a controlled substance; (4) the district court erred by admitting hearsay testimony that the vehicle

5

he was driving had been reported as stolen; (5) the district court erred by denying his request to appoint substitute counsel; and (6) the cumulative effect of the district court's errors requires reversal.

## II. The Statutory Right to a Speedy Trial

### A. Standard of Review

¶ 16    When a district court denies "a defendant's motion to dismiss based on its application of a speedy trial statute to undisputed facts, our review is de novo." *People v. Desantiago*, 2014 COA 66M, ¶ 12, 409 P.3d 389, 391. "We also review de novo an issue of statutory interpretation." *Id.*

### B. Applicable Law

¶ 17    Section 18-1-405(1) is clear: a person accused of a crime must be "brought to trial" within six months of the date on which he or she pleaded not guilty. *See also* Crim. P. 48(b)(1). However, "[i]f a trial date has been fixed by the court and the defendant fails to make an appearance in person *on the trial date*, the period within which the trial shall be had is extended for an additional six-month period from the date of the defendant's next appearance." § 18-1-405(3.5) (emphasis added).

¶ 18 The duty to pursue trial within the speedy trial deadline rests with the People and the district court. *People v. DeGreat*, 2020 CO 25, ¶ 11, ___ P.3d ___, ___. The remedy for a speedy trial violation is dismissal of charges with prejudice. *Id.*

### III. The District Court Violated Taylor's Statutory Right to a Speedy Trial

¶ 19 Taylor contends that his judgment of conviction must be vacated because the district court violated his right to a speedy trial. He argues that he did not waive his right to a speedy trial under section 18-1-405(3.5) when he appeared six hours late to the pretrial readiness conference on January 23, 2017. We agree.

¶ 20 The People first argue that the district court did not err by denying Taylor's motion to dismiss because, under *People v. Peltz*, 697 P.2d 766 (Colo. App. 1984), *aff'd*, 728 P.2d 1271 (Colo. 1986), the pretrial readiness conference on January 23, 2017, fits within the meaning of "brought to trial," and that Taylor's failure to appear at the conference was adequate grounds to restart the speedy trial period. But this argument misreads the statute.

¶ 21 Section 18-1-405(3.5) does not extend the speedy trial period if the defendant fails to appear in person on the date he or she is

7

"brought to trial." It states that the speedy trial period is extended for an additional six months if "the defendant fails to make an appearance in person on *the trial date.*" § 18-1-405(3.5) (emphasis added). (The language "brought to trial" appears in the definition of the conclusion of the speedy trial period. *See* § 18-1-405(1) (requiring that a defendant's charges be dismissed with prejudice if the defendant is "not *brought to trial* on the issues raised by the complaint, information, or indictment within six months from the date of the entry of a plea of not guilty") (emphasis added). Thus, the question before us is not whether a pretrial readiness conference falls within the meaning of "brought to trial.")

¶ 22    The meaning of "trial date" is clear in the context of section 18-1-405(3.5) and is distinct from the meaning of "pretrial readiness conference." *See Town of Telluride v. Lot Thirty-Four Venture, L.L.C.*, 3 P.3d 30, 35 (Colo. 2000) ("When construing the meaning of a statute, reviewing courts should first consider the statutory language and give the words their plain and ordinary meaning."); *see also Desantiago*, ¶ 13, 409 P.3d at 391 ("As long as the meaning of such words is unambiguous, we need not rely on interpretive rules of statutory construction."). Logically, a trial

judge would not order parties to appear for a "pretrial readiness conference" by directing them to show up on the "trial date" because a pretrial conference is not a trial. Thus, we cannot support the People's overbroad reading of "trial date."

¶ 23 Taylor failed to appear for a pretrial readiness conference. Because it is clear that the pretrial readiness conference was not Taylor's trial date, his failure to appear in court at 9:00 a.m. and again at 1:30 p.m. on January 23, 2017, did not authorize the district court to rely on section 18-1-405(3.5) to extend his speedy trial period an additional six months. *See People ex rel. Gallagher v. Dist. Court*, 933 P.2d 583, 589-90 (Colo. 1997) (holding that a delay caused by a defendant's failure to appear at a pretrial hearing "does not constitute a waiver of speedy trial under section 18-1-405(3) such that a new six month period begins to run").

¶ 24 The speedy trial statute provides a remedy for a delay caused by the defendant's voluntary absence from a pretrial hearing. *See People ex rel. Gallagher*, 933 P.2d 583 at 589-90; *see also* § 18-1-405(6)(d). The trial court may add a period of time that is reasonably attributable to the "delay resulting from the voluntary absence or unavailability of the defendant" to the end of defendant's

original six-month speedy trial period. § 18-1-405(6)(d); *see People ex rel. Gallagher*, 933 P.2d at 588 ("[T]he time period 'resulting from' a defendant's unavailability or absence includes a reasonable period in which to reschedule and prepare for trial a case that has been postponed."). However, the district court did not find, and the People do not argue, that the delay caused by Taylor's failure to appear reasonably warranted the addition of four months at the end of Taylor's speedy trial period under 18-1-405(6)(d). For this reason, we do not consider this argument.

¶ 25     The People further argue that, even if Taylor's trial date was January 24, 2017, the district court properly restarted his speedy trial period under section 18-1-405(3.5) because he failed to appear on that date. This argument is unpersuasive because the district court struck the January 24 trial date on January 23. Defendants are not required to appear in court on vacated trial dates.

¶ 26     Section 18-1-405(3.5) resets the speedy trial period "[i]f a trial date has been fixed by the court and the defendant fails to make an appearance in person on the trial date." Although the court fixed Taylor's trial date when it set the case for trial on January 24,

2017, the district court "unfixed" the trial date by vacating Taylor's trial on the afternoon of January 23, 2017.

¶ 27    As a result, when Taylor failed to appear in court on January 24, 2017, he was not in violation of section 18-1-405(3.5) because the trial date was no longer "fixed by the court." He did not have a trial date. For this reason, Taylor's speedy trial period was not reset when he failed to appear in court on January 24, 2017. (Taylor also argues that he did not fail to appear on January 24, 2017, because he was in custody on that date — as a result of failing to appear the previous day — and was, therefore, available to be transported to court. We do not consider whether the fact that a defendant was in custody and available to be transported to court is sufficient to establish that he appeared in court on his trial date because we conclude that Taylor no longer had a trial date.)

¶ 28    Nearly ten months elapsed between August 29, 2016, when Taylor entered his not guilty plea, and June 20, 2017, when his trial began, because the court misconstrued section 18-1-405(3.5). This time period exceeded the six-month statutory speedy trial period. Thus, we conclude that Taylor's statutory right to a speedy trial was violated.

## IV.    Remaining Contentions on Appeal

¶ 29    Because we conclude that the district court violated Taylor's statutory right to speedy trial, we do not consider Taylor's other arguments.

## V.    Conclusion

¶ 30    Taylor's judgment of conviction is vacated.  The case is remanded to the district court with instructions to dismiss the charges against Taylor with prejudice.

JUDGE FOX and JUDGE BERGER concur.