23CA1062 Peo v Owens 10-30-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA1062
El Paso County District Court No. 15CR2609
Honorable Frances R. Johnson, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Desmond Darnell Owens,

Defendant-Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE KUHN
Moultrie and Berger*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced October 30, 2025

Philip J. Weiser, Attorney General, Trina K. Kissel, Senior Assistant Attorney General and Assistant Solicitor General, Denver, Colorado, for Plaintiff-Appellee

Patrick R. Henson, Alternate Defense Counsel, Chelsea A. Carr, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Desmond Darnell Owens appeals the postconviction court's summary denial of his Crim. P. 35(c) motion. We reverse and remand for further proceedings under Crim. P. 35(c)(3)(V).

## I.     Background

¶ 2     Evidence supporting the following facts was presented at trial:

> Owens and Brainard Clark robbed a pharmacy and a check-cashing business at gunpoint, attempted to rob another pharmacy, and stole several cars. During these events, Owens wore a court-ordered ankle monitor that recorded his location, complete with time stamp and GPS information. The data collected from the ankle monitor placed Owens at the scene of each crime at the time it occurred.

*People v. Owens,* (Colo. App. No. 17CA0223, June 20, 2019) (not published pursuant to C.A.R. 35(e)) (*Owens I*). A jury found Owens guilty of many offenses, including two class 2 felony counts and two class 3 felony counts of aggravated robbery. At sentencing, the People requested a sentence of 192 years in the custody of the Department of Corrections (DOC), and the trial court understood the sentencing statutes to prescribe a minimum 192-year DOC sentence. Nonetheless, the trial court applied the habitual criminal statute's section 18-1.3-801(2)(a)(I)(A), C.R.S. 2025, and the crime of violence statute's section 18-1.3-406(1)(a), C.R.S. 2015, to

impose a cumulative 392-year DOC sentence. *See Owens I*, ¶¶ 29, 33-34 (noting that at the time of Owens's offenses, the crime of violence statute required consecutive sentencing for aggravated robbery).

¶ 3      Owens challenged his sentence and convictions on direct appeal based on, among other things, (1) the consecutive nature of some of his sentences and (2) the alleged violation of his statutory right to a speedy trial under section 18-1-405, C.R.S. 2025. *See Owens I*, ¶¶ 3, 28. As relevant here, a division of this court (1) concluded that the trial court had properly applied the sentencing statutes and (2) declined to address the merits of the speedy trial claim, concluding that Owens had waived the right by failing to move for dismissal before his trial began. *Id.* at ¶¶ 10, 32-34. The division affirmed Owens's sentence and judgment of conviction. *Id.* at ¶ 35.

¶ 4      Owens timely filed a pro se Crim. P. 35(c) motion requesting the appointment of counsel. In part, he asserted that his trial counsel had provided ineffective assistance by failing (1) to argue that his sentence was unconstitutionally disproportionate to his crimes and (2) to move for dismissal between his statutory six-

2

month speedy trial deadline on August 8, 2016, and the beginning of his trial on August 30, 2016.

¶ 5     The postconviction court denied Owens's motion without appointing counsel, finding, as relevant here, that (1) his offenses were largely per se grave and serious and (2) the trial delay was reasonable under section 18-1-405(6)(c) because Owens's trial had been joined with that of a "codefendant as to whom the time for trial ha[d] not run and there [wa]s good cause for not granting a severance."

## II.     Analysis

¶ 6     On appeal, Owens contends that he is entitled to appointed counsel and a hearing on his postconviction motion.  We agree that Owens is entitled to appointed counsel because his Crim. P. 35(c) motion sufficiently asserted at least one ineffective assistance claim with arguable merit.  We do not decide whether he is entitled to a hearing; we leave that question to be decided when all claims, including any added by postconviction counsel, have been briefed. *See People v. Segura*, 2024 CO 70, ¶ 26 n.8; *see also* Crim. P. 35(c)(3)(V).

3

## A. Standard of Review and Applicable Law

¶ 7    We review the summary denial of a Crim. P. 35(c) motion de novo. *People v. Marquez*, 2020 COA 170M, ¶ 17. When a pro se defendant requests postconviction counsel and his Crim. P. 35(c) motion raises at least one claim which, broadly construed, has arguable merit, the postconviction court must grant the request for counsel. *Segura*, ¶ 26; *see People v. Cali*, 2020 CO 20, ¶ 34 (Appellate courts "will broadly construe a pro se litigant's pleadings to effectuate the[ir] substance.").

¶ 8    A claim lacks arguable merit when the motion, files, and record in the case clearly establish any of the following: the claim (1) is barred as untimely or successive; (2) does not state adequate factual or legal grounds for relief; (3) states unmeritorious legal grounds for relief; or (4) states factual grounds that do not merit relief, even if true, or are directly refuted by the record. *See Segura*, ¶ 25 n.6; Crim. P. 35(c)(3)(IV), (VI)-(VII); *Ardolino v. People*, 69 P.3d 73, 77 (Colo. 2003).

¶ 9    To sufficiently allege a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant must (1) "identify the acts or omissions of counsel that

4

are alleged not to have been the result of reasonable professional judgment" (the deficient performance prong), *id.* at 690; and (2) "assert facts that, if true, show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (the prejudice prong), *People v. Timoshchuk*, 2018 COA 153, ¶ 22.

### B. Ineffective Assistance/Proportionality Claim Has Arguable Merit

¶ 10    Broadly construing Owens's pro se postconviction motion, as we must, *see Cali*, ¶ 34, we perceive an adequate allegation of ineffective assistance for this claim under *Strickland.* Owens alleged that (1) his counsel performed deficiently by failing to challenge his lengthy sentence on Eighth Amendment grounds; and (2) because no injuries resulted from the triggering offenses and he was not the principal actor, his sentence gave rise to an inference of unconstitutionality. The People argue that counsel's failure to challenge Owens's sentence was not deficient performance because such challenges are generally unlikely to prevail. *See Wells-Yates v. People*, 2019 CO 90M, ¶ 62 (noting that per se grave and serious offenses are "nearly impervious" to proportionality attacks (quoting

*Close v. People*, 48 P.3d 528, 538 (Colo. 2002))). In these particular circumstances, we conclude that there was arguable merit in a proportionality attack and, thus, in Owens's ineffective assistance claim.

¶ 11 First, we note that the parties in this appeal incorrectly assert that Owens received a 192-year aggregate sentence. His actual aggregate sentence was more than twice that length. For the first aggravated robbery, with two victims and a habitual enhancement of four times the maximum of the presumptive range for each victim, the court imposed two consecutive ninety-six-year DOC terms — a total of 192 years. For the second aggravated robbery, also with two victims, the court imposed two consecutive sixty-four-year DOC terms — a total of 128 years. For the attempted aggravated robbery, Owens received a forty-eight-year sentence. And for each of two aggravated motor vehicle thefts, Owens received a twelve-year sentence. The court ordered that all of these sentences would run consecutively.[1]

---

[1] At the time of Owens's sentencing, the supreme court had not yet clarified that a proportionality review should not focus on a defendant's aggregate sentence. *See Wells-Yates v. People*, 2019 CO 90M, ¶¶ 37-38.

¶ 12    While the crime of violence statute required consecutive sentencing for aggravated robbery at the time of Owens's offenses, the General Assembly amended section 18-1.3-406(1)(a) in 2016 to allow concurrent sentencing for those offenses. *See* Ch. 85, sec. 1, § 18-1.3-406(1)(c)(I), 2016 Colo. Sess. Laws 242 (granting such discretion when the defendant is convicted of two separate crimes of violence arising from the same incident and one of the crimes is aggravated robbery). A trial court should consider statutory changes when determining whether a defendant's sentence is grossly disproportionate, even if the relevant amendments do not apply retroactively. *Wells-Yates*, ¶ 45; *see People v. Oldright*, 2017 COA 91, ¶ 13.

¶ 13    Moreover, the People do not dispute Owens's assertions that nobody was injured and that he was not the principal actor in the triggering offenses. These considerations may also factor into a proportionality analysis. *See Wells-Yates*, ¶ 12. For these reasons, we conclude that Owens's habitual sentences — particularly his consecutive 192-year and 128-year sentences for aggravated robbery — arguably give rise to an inference of gross disproportionality.

¶ 14    We recognize that the Crim. P. 35(c) order included a finding that Owens's predicate and triggering offenses were largely per se grave and serious, but we nonetheless conclude that he should be appointed counsel for his proportionality claim because the postconviction court's analysis was incomplete.  First, it did not consider the harshness of the penalty for each offense — a necessary part of an abbreviated proportionality analysis even if the triggering offense has been deemed per se grave and serious.  *See Wells-Yates*, ¶¶ 13, 38; *see also People v. Crawley*, 2024 COA 49, ¶ 12 ("The assessment of the harshness of the penalty includes consideration of the length of the sentence . . . .").  And second, it did not consider the relevant changes to the crime of violence statute.  *See Wells-Yates*, ¶ 45.  Moreover, the court did not acknowledge the aggregate 200-year sentencing discrepancy reflected in the record.  With the assistance of counsel, these deficiencies could be properly addressed.

### C.    Ineffective Assistance/Speedy Trial Claim Has Arguable Merit

¶ 15    We also perceive arguable merit in Owens's ineffective assistance claim involving an alleged speedy trial violation.  As to

8

this claim, Owens asserted that (1) his trial counsel performed deficiently by failing to assert his statutory right to a speedy trial before his trial began; and (2) if counsel had moved to dismiss between August 8, 2016, and August 30, 2016, based on a speedy trial violation, the charges against him would have been dismissed. Consistent with the division's opinion in *Owens I,* Owens made the following factual allegations to support the claim:

- His statutory speedy trial deadline was August 8, 2016. *See Owens I,* ¶ 6.

- More than three months prior to that deadline, the trial court granted the prosecution's motion to join Owens and Clark as codefendants in the same trial. *See id.*

- On May 23, 2016, over defense counsel's speedy-trial objection, the court set a joint trial for August 29, 2016, and tolled Owens's speedy trial deadline until "the trial date" under section 18-1-405(6)(c). *See Owens I,* ¶ 6.

- Owens was tried alone, with voir dire beginning on August 30, 2016. *See id.* at ¶ 6 n.1.

- Defense counsel did not move to dismiss the charges for violation of Owens's statutory speedy trial rights "prior to

9

the commencement of his trial," as required to entitle Owens to a dismissal under section 18-1-405(5). *See Owens I*, ¶ 7.

These allegations, if proven true, sufficiently establish *Strickland*'s deficient performance prong.

¶ 16     As to *Strickland*'s prejudice prong, Owens asserted that if defense counsel had timely moved to dismiss based on a violation of his statutory speedy trial right, there was a reasonable probability that the charges against him would have been dismissed. *See People v. Taylor*, 2020 COA 79, ¶ 18 ("The remedy for a speedy trial violation is dismissal of charges with prejudice."). We cannot conclude — as the postconviction court did — that the record clearly establishes that such a motion would have been unsuccessful.

¶ 17     First, while section 18-1-405(6)(c) permits a reasonable period of delay for a joint trial, Owens was individually tried. The record does not show what occurred between May 23 and August 30 to result in Owens being tried alone, after his August 8 statutory speedy trial deadline. The People allege, and the register of actions in Clark's case — El Paso County Case No. 15CR2618 — reflects,

that on August 8, 2016, the trial court vacated Clark's trial pending the outcome of his court-ordered competency evaluation.[2] But this record does not demonstrate that Owens's trial counsel had no basis to object to a speedy trial violation. If anything, it suggests that when Owens's speedy trial deadline expired, his counsel was aware that he and Clark would be tried separately. Yet counsel didn't move to dismiss the case for a speedy trial violation before the start of Owens's trial.

¶ 18    Second, the record leaves some question as to whether the trial court tolled Owens's speedy trial deadline until August 29 or August 30. This distinction matters because although the court conducted a "trial call" on August 29 (when the attorneys announced they were ready for trial), voir dire did not commence until August 30. *See People v. Peltz*, 697 P.2d 766, 771-72 (Colo. App. 1984), *aff'd*, 728 P.2d 1271 (Colo. 1986) (noting an accused is "brought to trial" for purposes of the speedy trial statute when "the court calls the case for trial, the attorneys indicate their readiness

---

[2] We take judicial notice of the contents of the court records in this related criminal proceeding. *See People v. Sa'ra*, 117 P.3d 51, 56 (Colo. App. 2004).

to proceed, *and the proceedings commence*" (emphasis added)); *see also Taylor*, ¶¶ 20-23 (considering *Peltz* and holding that a defendant is not "brought to trial" on the date of a pretrial readiness conference).

¶ 19　Because the record does not clearly establish that Owens's ineffective assistance claim based on an alleged violation of his statutory speedy trial right lacks arguable merit, we conclude that he is entitled to the appointment of counsel and further proceedings as outlined in Crim. P. 35(c)(3)(V).  *See Segura*, ¶¶ 25-26.  We need not, and do not, address whether any of his other claims have arguable merit.  *See id.* at ¶¶ 7-8 (holding that if a postconviction court appoints counsel after determining that at least one of defendant's claims has arguable merit, the court may not restrict the scope of counsel's representation to only the arguably meritorious claims).

### III.　Disposition

¶ 20　The order is reversed, and the case is remanded to the postconviction court for further proceedings consistent with this opinion.

JUDGE MOULTRIE and JUDGE BERGER concur.